**Jesse L. SMITH, Plaintiff-Appellant,**

v.

**ILLINOIS CENTRAL RAILROAD COMPANY et al., Defendants-Appellees.**

**No. 72–3378.**

United States Court of Appeals,
Fifth Circuit.

Nov. 13, 1973.

Rehearing and Rehearing En Banc Denied Jan. 10, 1974.

H. Alva Brumfield, Baton Rouge, La., for plaintiff-appellant.

Boris F. Navratil, Baton Rouge, La., for Ill. Central R. R.

Roger M. Fritchie, Baton Rouge, La., for Int. Paper Co., and others.

Before WISDOM, GEWIN and CLARK, Circuit Judges.

PER CURIAM:

This is an action for damages brought by the plaintiff-appellee Jesse L. Smith against his employer, the Illinois Central Railroad Company, the International Paper Company, and the Paper Company's insurer, American Motorists Insurance Company, to recover for injuries he suffered while riding on the side of a railroad car filled with pulpwood. The accident occurred at one of the Paper Company's woodyards. The trial court entered judgment for the defendants after the jury returned verdicts based on special interrogatories finding that neither the Paper Company nor the Railroad had been guilty of negligence; nor had the plaintiff been guilty of negligence. We affirm.

Smith was the conductor on an Illinois Central train making a run from Baton Rouge, Louisiana, to Vicksburg, Mississippi. On March 26, 1970, the train stopped at the Paper Company's yard in Centreville, Mississippi, to pick up several freight cars loaded with pulpwood which were ready for shipment to the company's mills near Vicksburg. Such cars are "wood racks" in railroad vernacular. The plaintiff's injury occurred while the train was performing the switching operations necessary to connect the wood racks to the rest of the train. In performing those switching operations, the engineer had to drive the train's engine onto a siding paralleling the main line, where the wood racks were loaded and where they stood while awaiting shipment. The train had to be coupled with the wood racks on the siding track. After the coupling, the cars were driven to the main track, where they were to be connected with the rest of the train.

Smith's injury occurred after the train had been coupled with the wood racks

and was on its way to the main line. When the train had moved eight or ten car lengths after the coupling, pulpwood logs began to fall off the top of one of the wood racks. The plaintiff was riding by holding on to the grab irons on the leading end of the car immediately following the car from which the wood was falling. When the falling wood began to strike Smith, he jumped from the train, swinging out to avoid falling under the wheels. He suffered a broken pelvis and leg injuries which required the amputation of his leg.

The plaintiff raises six issues on appeal. The first two concern the sufficiency of the evidence: first, the plaintiff argues that the trial judge should have granted him judgment notwithstanding the verdict and, second, that failing a grant of judgment n.o.v., the trial judge should have granted his motion for a new trial. Upon a review of the record as a whole, we find that the evidence was sufficient to support the jury's findings that none of the three parties involved had been negligent. See Boeing Company v. Shipman, 5 Cir. 1969, 411 F.2d 365. We therefore find the trial judge properly denied the motions for judgment n. o. v. or, in the alternative, for a new trial.

■ The plaintiff's other four objections all concern the trial judge's charge to the jury. The first is a challenge to the judge's instruction on unavoidable accident.[1] The plaintiff argues that there was no evidence in the record to support this instruction. We cannot agree. In the first place, there was specific evidence tending to show that the accident was or could have been unavoidable: the brakeman and the engineer of the train both testified that in similar

---

1. The trial judge's charge was, if anything, unfavorable to the defendants, especially to the railroad company. In denying the plaintiff's post-trial motions, the trial judge observed: ". . . I don't suppose there was any portion of the charge of this court that had more emphasis or was more emphasized than that the railroad could be held liable if they were found to have contributed in any way whatsoever, even in the slightest, to this accident." The charge concerning the railroad's liability was repeated not less than *five times*. In instructing the jury on the question of the railroad's liability the trial judge said ". . . he [plaintiff] must prove that negligence on the part of the railroad which he asserts, contributed in whole or in part, even the slightest, to his injuries." Later, he charged: "The difference between the two defendants is that under what we call the FELA—the Federal Employers Liability Act—the railroad who is governed by that Act, is held liable if their negligence contributed even the slightest to the accident . . ." The third time the judge stated: "Going back, for a moment, if there is negligence on the part of the railroad and if it contributed in whole or in part, even the slightest, to the accident, you must find them guilty of actionable negligence."

It was after this third repetition, inviting the jury to find the railroad liable to the plaintiff if its negligence, even the slightest, contributed to the plaintiff's injuries, when the court informed the jury that the mere occurrence of the accident did not mean that anyone was negligent, as sometimes accidents happen which are inevitable. At two other points in the charge the trial explained the plaintiff's rights of recovery against the railroad "if you find that its negligence played any part, however small, in causing plaintiff injury."

After properly explaining "unavoidable accident", the trial judge did not err in adding: ". . . Lastly, in connection with negligence and proximate cause the mere happening of an accident does not necessarily mean that someone is negligent. In law we recognize what are termed unavoidable or inevitable accidents. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been caused by negligence, even though such accident should have been avoided by the exercise of exceptional foresight, skill or caution, still no one may be liable for injuries resulting from it."

Again: ". . . It was possible for you to find that neither of the defendants was guilty of negligence at all. You may find that the plaintiff was the only one negligent. You may find that the plaintiff was not guilty of negligence. You may find that only the paper company was guilty of negligence and proximate cause, or you may find that the railroad was guilty of negligence which contributed in some way to the accident."

operations there was always slack between the cars, and that a certain amount of jerking was therefore inevitable. It could have been inferred from that testimony that in the particular operation in question, the principal reason the wood had fallen was that it had been shaken loose by the inevitable jerking during the operation. Both the brakeman and the engineer testified that there were no harsh couplings and that the entire switching operation was smooth and void of any "bangs" or irregularities. Three other witnesses testified that they saw nothing unusual and heard nothing unusual. It is significant too that the plaintiff never settled on a specific theory of how the accident had happened. In his complaint and throughout the trial the plaintiff attributed the accident to any of a number of causes, including (1) the negligence of the engineer in operating the train at too fast a speed after the coupling operation; (2) the negligence of the Paper Company in failing properly to maintain its track; (3) the negligence of the Paper Company in failing to load the wood racks properly. There was no substantial proof that any of these possible causes had in fact caused the accident, and the plaintiff in making his case constantly shifted ground in trying to fix liability for his injury on one or the other of the defendants. It was as plausible to find the accident a result of unavoidable causes as it was to find the accident the result of any of the alternative causes cited by the plaintiff. Consequently, we cannot say that the record did not support the trial judge's instruction on unavoidable accident.

 The plaintiff's other three objections to the charges are without merit. The second objection is to the trial judge's instruction on intervening cause, and the third is to his instructions on contributory and comparative negligence. With respect to both of these instructions, it is clear that even if the instructions were erroneously given, they could not have prejudiced the plaintiff. The jury would have needed to consider those two instructions only if it had first found one or the other of the defendants negligent. Since its verdict was on special interrogatories to the effect that neither of the defendants was negligent, it is clear that the jury had no reason to consider the challenged instructions.

The final challenge is to the failure of the trial judge to instruct the jury on the Federal Safety Appliance Act, 45 U.S.C. § 2 (1970). We find no error in the judge's action in this regard. There was no evidence in the record supporting the conclusion that the railroad had violated the Federal Safety Appliance Act.

Affirmed.