Willie **STEPHENS**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, St. Louis Southwestern Railway Co., and General Electric Company.**

No. CIV.A. G–96–286.

United States District Court, S.D. Texas, Galveston Division.

Jan. 13, 1998.

Arthur Sadin, Youngdahl and Sadin, Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Plaintiffs.

Douglas W. Poole, McLeod, Alexander, Powel and Apffel, PC, Galveston, TX, Richard T. McCarroll, Brown McCarroll & Oaks Hartline, LLP, Austin, TX, for Defendants.

## ORDER

KENT, District Judge.

In this action, Plaintiff Willie Stephens brings claims of negligence against Defendants Southern Pacific Transportation Company ("Southern Pacific"), St. Louis Southwestern Railway Company, and General Electric Company ("GE"). Now before the Court is Defendant GE's Motion for Summary Judgment, filed November 5, 1997. For the reasons stated below, the Motion is **DENIED.**

Plaintiff, an employee of Southern Pacific, was allegedly injured due to exposure to hazardous materials while working on a GE locomotive engine in the Pine Bluff, Arkansas shop of Southern Pacific. GE claims, as a basis for summary judgment relief, that Plaintiff's exclusive remedy, as an employee of Southern Pacific, is an action against his railroad employer under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"). GE argues further that the duties allegedly breached by GE are owed to Plaintiff by his employer, and are non-delegable under FELA.

GE's argument advances a blatantly erroneous misinterpretation of the law. FELA was intended to "enable injured railroad workers to overcome a number of traditional defenses to tort liability that had previously operated to bar their actions." *Ellison v. Shell Oil Co.,* 882 F.2d 349, 353 (9th Cir. 1989) (quoting *Lewy v. Southern Pacific Transportation Co.,* 799 F.2d 1281, 1287 (9th Cir.1986)). It was intended to expand a plaintiff's ability to recover, by allowing recovery from his or her employer upon a showing that the employer's negligence played a part in the injury, however slight. *Id.* However, contrary to GE's argument, FELA does not limit the employee to an exclusive remedy against his employer by preventing recovery from other tortfeasors.

In *Ellison,* a case remarkably similar to the one at bar, a third party tortfeasor (Shell) advanced arguments identical to those that GE advances here.[1] Shell argued that it

---

1. Specifically, Shell argued that Southern Pacif-    ic's duties to (1) inspect cars on its line or in

could not have owed any duty to the plaintiff because the railroad employer (Southern Pacific) had a non-delegable duty to its employee. The Ninth Circuit squarely rejected Shell's arguments, finding that "Southern Pacific's duty under the FELA as to claims by its employees does not automatically negate any duty owed by Shell to either Southern Pacific or its employees." *Id.* The Court went on to find that Shell had a duty to the plaintiff to, at a minimum, make a reasonable inspection of the railcar which caused the plaintiff's injuries.

■ GE's argument here fails for the same reasons. An employer's non-delegable duties under FELA should not deprive the employee of recovery from other parties, or the employer of the ability to seek indemnification from third parties. FELA incorporates traditional joint and several liability principles, such that the employer may be jointly liable with third parties and may seek indemnification from such other tortfeasors. *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1135 n. 26 (5th Cir.1995) (FELA incorporates joint and several liability). Courts dealing with the issue of third-party tortfeasors in the context of FELA actions have apparently assumed, without discussion, that third parties may be jointly liable with the employer. *See, e.g., McDaniel v. Anheuser–Busch, Inc.*, 987 F.2d 298, 300 (5th Cir.1993) (plaintiff in underlying district court action sued railroad employer under FELA and third party for negligence); *Atchison, Topeka, and Santa Fe Ry. Co. v. Sherwin–Williams Co.*, 963 F.2d 746, 748 (5th Cir.1992) (indemnity agreement between employer railroad and third party viewed as valid in case where employee sued railroad under FELA); *Armstrong v. Kansas City Southern Ry. Co.*, 752 F.2d 1110 (5th Cir.1985) (railroad employer and negligent third party may both be liable for a plaintiff's injuries); *O'Byrne v. St. Louis Southwestern Ry. Co.*, 632 F.2d 1285 (5th Cir.1980) (employee brought FELA action against employer and employer joined third party as defendant); *Smith v. Illinois Central R.R. Co.*, 486 F.2d 943 (5th Cir.1973) (FELA plaintiff brought suit against both employer and potentially liable third party); *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir.1970) (employer brought third party claim for indemnity against another tortfeasor); *Missouri Pacific R.R. Co. v. Champlin & Wells, Inc.*, 600 F.Supp. 182 (E.D.Ark.), *aff'd*, 775 F.2d 255 (8th Cir.1985); *see also Fort Worth & D. Ry. Co. v. Threadgill*, 228 F.2d 307, 311–12 (5th Cir.1955) (state law, not FELA, governs plaintiff's right to recover from negligent third party); *Gaulden v. Burlington Northern, Inc.*, 232 Kan. 205, 214, 654 P.2d 383, 391 (Kan.1982) (comparative fault of FELA employer, third party tortfeasor, and plaintiff should be determined all in the same lawsuit for purposes of joint and several liability).

■ The Court therefore finds that FELA did not in any manner proscribe the ability of a plaintiff to seek recovery from a third party tortfeasor, or of an employer railroad to seek indemnification from such a tortfeasor. While an employer's duties under FELA may be non-delegable, there also exist separate, independent duties which a third party may owe to either the plaintiff-employee or the defendant-employer, or both. GE's arguments to the contrary utterly fail.[2] Accordingly, Defendants' Motion for Summary Judgment is hereby **DENIED.**

Plaintiff argues further that GE's Motion for Summary Judgment "is dishonest and misleading," and requests $25,000 in attorney's fees, costs and sanctions. The Court agrees with Plaintiff and finds GE's Motion to be frivolous; however, the Court cannot agree with Plaintiff's assessment of the sanctions. Rather, the Court assesses the reasonable value of Plaintiff's Response to Defendant's Motion at $1,000. Defendant is hereby **ORDERED** to pay Plaintiff the

---

Shell's yard and (2) provide its employees with a safe place to work even on the premises of third parties, were non-delegable and therefore prevented a cause of action against Shell.

2. GE also claims that Plaintiff cannot assert violations of the Occupational Safety and Health Act ("OSHA") because "such infractions do not create a private cause of action." Again, GE's argument is frivolous. Plaintiff already has a cause of action against GE for negligence; any violations of OSHA may be alleged in order to establish Plaintiff's claims that GE violated the standard of care in its industry.

amount of One–Thousand Dollars ($1,000) in reasonable costs and attorney's fees, to be paid within twenty (20) days of this Order, failing which Defendant GE will be cited for Contempt of Court.

**IT IS SO ORDERED.**