### 40912. BAGLEY v. AKINS.

PANNELL, Judge. 1. In an action seeking recovery of damages for personal injuries based on tortious negligence of the defendant where the defendant's answer denies any negligence and claims the injuries of plaintiff were solely the fault of plaintiff, a charge by the court to the jury that "If the plaintiff by the exercise of ordinary care could have avoided the consequences to herself caused by the defendant's negligence, if you find the defendant was negligent, the plaintiff is not entitled to recover," is not subject to the attack that it is not sound as an abstract principle of law or that it is erroneous because a charge on comparative negligence in the absence of a request was not also given. See *Ingram v. Hilton & Dodge Lmbr. Co.,* 108 Ga. 194 (33 SE 961); *Seaboard A. L. R. v. Andrews,* 140 Ga. 254 (3) (78 SE 925, AC 1914D 165); *Collum v. Georgia R. &c. Co.,* 140 Ga. 573, 574 (2) (79 SE 475); *Western &c. R. Co. v. Smith,* 145 Ga. 276, 277 (5) (88 SE 983); *Powell v. Berry,* 145 Ga. 696, 697 (5) (89 SE 753, LRA 1917A 306).

2. While it is error to charge a jury in a tort action to reduce the damages for future pain and suffering to a present value, *Southern R. Co. v. Bottoms,* 35 Ga. App. 804 (134 SE 824), such charge given in the present case was harmless error, the jury having found for the defendant.

3. Where the following question was asked of and the following answer given by the defendant: "Q. Then actually you don't know the condition of these boats down there on this lake at the time this one was rented by Mrs. Bagley, do you? A. Yes, sir, if anything had been wrong with them, they would have told me," an assignment of error in the motion for new trial on the refusal of the court to grant plaintiff's request that the witness "be instructed to answer the question" shows no cause for reversal.

4. In such a case where the defendant rented a boat to the plain-

tiff, a charge of the court (referring to the defendant), "he is but a private carrier for hire and required to exercise due care and diligence in performance of the duty imposed upon him by the contract; that is to say, such care and skill as prudent and cautious men experienced in the business are accustomed to use under similar circumstances," places a greater burden on the defendant than the law requires and is an inaccurate definition of "ordinary care." See, in this connection, *Southern R. Co. v. Hill,* 139 Ga. 549 (3) (77 SE 803). The charge was favorable to the plaintiff rather than harmful to her and does not require the grant of a motion for new trial.

5. The evidence authorized the verdict of the jury and the general grounds of the motion for new trial are without merit, and the special grounds being without merit, as heretofore shown, the trial court did not err in overruling plaintiff's motion for new trial.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 23, 1964.

*Joseph H. Briley, Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*Whelchel, Dunlap & Gignilliat, William P. Whelchel,* contra.