Michael O'BYRNE, Plaintiff–Appellant,

v.

ST. LOUIS SOUTHWESTERN RAILWAY CO., Defendant–Third Party Plaintiff–Appellant,

v.

UNION TANK CAR CO., Third Party Defendant–Appellee.

No. 79–2626.

United States Court of Appeals, Fifth Circuit.

Unit A

Dec. 18, 1980.

Mike A. Hatchell, Tyler, Tex., for plaintiff–appellant.

**1286**

Jones, Jones & Baldwin, Doyle Curry, Marshall, Tex., for Michael O'Byrne.

Herbert Boyland, Mark McMahon, Longview, Tex., for Union Tank Car Co.

Before INGRAHAM, GEE and TATE, Circuit Judges.

PER CURIAM:

Cases decided here and above since trial of this cause doom plaintiff–appellee's attempt to preserve a substantial recovery in this Federal Employer's liability action. We remand for a new trial on damages alone.

Appellee O'Byrne was injured when he fell from a tank car while working as a switchman for appellant railway. He brought an FELA action, and the railway joined Union Tank Car Company as a third party defendant.

At the conclusion of the trial, the district court directed a verdict against the railroad on liability and submitted the remaining issues to the jury. The court denied the following instruction requested by the railroad:

> If your verdict is in favor of Plaintiff, you will not increase or decrease the amount of your verdict by reason of Federal Income Taxes, since the amount awarded to Plaintiff, if any, is not taxable income to Plaintiff within the meaning of the tax laws.

The court also refused to instruct the jury that it should reduce any amount awarded for future pain and suffering to present value. The jury assessed O'Byrne's damages as $470,000 against the railroad only. Contribution and indemnity against Union Tank Car were denied. Final judgment was entered accordingly. The railroad's motion for new trial, based on excessive damages, was denied, and the railroad timely appealed.

No points of error are brought forward by the railway regarding the findings of liability on its part or the want thereof on the part of Union Tank Car. We therefore affirm these without comment.

■ The railway does complain of the court's instruction to the jury about reduction to present value of various items of damage, mainly that of future pain and suffering. For over twenty years, our rule has been that while awards for future earnings and medical expenses should be reduced to present value, damages for future pain and suffering should not. *Texas & Pacific Ry. v. Buckles*, 232 F.2d 257, 264 (5th Cir.), *cert. denied*, 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498 (1956). As to this point, no more need be said. The point urging excessiveness of damages need not be considered, since we reverse for a new trial on that aspect of the case.

Appellant's major point, and that which requires reversal and a new trial on the damages issues, asserts error in the refusal by the trial court of the instruction on their character as non–taxable return of capital.

Until very recently the rule in FELA cases in this circuit was that no instruction was to be given to the jury informing it of the nontaxability of personal injury recoveries under that statute. That rule has been changed from on high. In *Norfolk & Western Ry. Co. v. Liepelt*, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980), decided subsequent to the trial of this lawsuit, the Supreme Court held the trial judge's refusal in an FELA case to charge the jury on the nontaxable nature of such a recovery to be error warranting remand for new trial on the damages issue.

■ Mr. O'Byrne raises two arguments in opposition to a strict application of *Liepelt* to his case: (1) *Liepelt* should receive prospective application only; and (2) the failure to give the requested instruction, if erroneous under *Liepelt*, was harmless error that had no impact on the size of the jury award. Neither is persuasive. The first of these arguments takes fatal damage from our recent decision in *Lang v. Texas & Pacific Ry.*, 624 F.2d 1275 (5th Cir. 1980). The posture of this case and *Lang* is identical; both went to trial before *Liepelt* came

down; and *Lang* holds clearly that plaintiff's requested limitation of *Liepelt* is not warranted. There, as here, "We do not find that retroactive application of *Liepelt* to this case will result in "manifest injustice.'" *Lang, supra* at 1280. And here, as there, plaintiff is not deprived of the right to a just and adequate recovery; he is simply compelled to establish it under proper jury instructions.

Presenting his computations on the proper amount that should have been awarded in damages due to lost earning capacity, Mr. O'Byrne argues that "Even a stretch of the imagination leaves no room for the supposition that the jury, in a mistaken belief that the plaintiff would be taxed on the award, inflated their figure to take care of the imagined tax." Defendant retorts with its own computations, purporting to show an inflation of the award above lost earnings by hundreds of thousands of dollars.

Regardless of whose figures are the more correct, *Liepelt* did not require the demonstration of an erroneously inflated award in order to find reversible error in the denial of the requested instruction. "Whether or not this speculation ["it is surely not fanciful to suppose that the jury erroneously believed that a large portion of the award would be payable to the federal government in taxes and that therefore it improperly inflated the recovery"] is accurate," *Liepelt, supra*, 444 U.S. at 759, 100 S.Ct. at 759, the Supreme Court remanded Liepelt's claim for retrial with proper jury instructions. Undeniably, in *Liepelt* the gap between the jury award and the amount computed by plaintiff's expert witness for lost earnings was more substantial than the same gap here, but the size of the gap does not appear to be a significant factor in the *Liepelt* holding.

Except as to damages, the judgment below is AFFIRMED. As to them, the judgment below must be REVERSED and the cause REMANDED for a new trial. It is so

ORDERED.