**Robert Wayne DICKERSON,
Plaintiff-Respondent,**

v.

**ST. LOUIS SOUTHWESTERN
RAILWAY COMPANY,
Defendant-Appellant.**

No. 46998.

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1985.

Motion for Rehearing and/or Transfer
Denied Aug. 28, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Gerald D. Morris, St. Louis, for defendant-appellant.

Robert F. Ritter, Melissa G. Zoccolillo, St. Louis, for plaintiff-respondent.

## UPON REMAND FROM THE UNITED STATES SUPREME COURT

SNYDER, Judge.

Robert Dickerson, a railroad policeman, was injured when he fell from a railroad car in the course of his job. He sued under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, and won a $1,000,000 judgment. This court affirmed the trial court's judgment. *Dickerson v. St. Louis Southwestern Ry. Co.,* 674 S.W.2d 165 (Mo.App.1984).

One of the railroad's points relied on in its appeal to this court alleged trial court error for failure to instruct the jury to take into account the present value of any award for loss of future earnings. This court following, as it must, the Missouri Supreme Court's ruling in *Bair v. St. Louis San Francisco Ry. Co.,* 647 S.W.2d 507, 510[2] (Mo. banc 1983), held that it was not error to refuse to give the present value jury instruction.

■ The U.S. Supreme Court reversed the judgment of this court. *St. Louis Southwestern Ry. Co. v. Dickerson,* —— U.S. ——, ——, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985). The Supreme Court held that this court erred in deciding that the railroad was not entitled to the present value instruction it requested. The Supreme Court mandate reads in part: "that this cause be remanded to the Court of Appeals of Missouri, Eastern District, for further proceedings not inconsistent with the opinion of this Court." The cause is now remanded to the trial court for a new determination of damages in the calculation of which the present value of any lost future wages may be considered.

The railroad argues that because the Supreme Court used the word "reversed" in its opinion, this court has jurisdiction only to dismiss the case. It is not so. First, the railroad cites Missouri case law as controlling how the United States Supreme Court's use of the word "reversed" must be interpreted. The appropriate law to interpret a federal court's pronouncement of reversal is federal law.

Second, the Missouri authority which the railroad cites proves the inverse. It cites *Abrams v. Scott,* 211 S.W.2d 718, 721[2] (Mo. banc 1948) for the proposition that a remand to this court bestows only a limited power to enter the proper judgment. The railroad then ignores the very next sentence which states that upon remand a court must "take such steps as are directed." The opinion explains that the steps "... are determined from the mandate and the opinion of the appellate court." *Abrams* at 721.

■ The Supreme Court ruled that this court erred in applying Missouri law in determining whether it was error to refuse a jury instruction in an F.E.L.A. case when the question is a matter of federal law.

Nothing in the Supreme Court's opinion supports the incredible contention that respondent's right to a recovery is extinguished by the trial court's erroneous refusal to give a jury instruction.

The Supreme Court held:

As a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal. Although the Court's decisions in this area "point up the impossibility of laying down a precise rule to distinguish 'substance' from 'procedure,' " *Brown v. Western R. of Alabama,* 338 U.S. 294, 296, 70 S.Ct. 105, 106, 94 L.Ed. 100 (1949), it is settled that the propriety of jury instructions concerning the measure of damages in an FELA action is an issue of 'substance' determined by federal law. *Norfolk & Western R. Co. v. Liepelt,* 444 U.S. 490, 493, 100 S.Ct. 755, 757, 62 L.Ed.2d 689 (1980). Accordingly, petitioner's contention that it was entitled to a jury instruction on present value cannot be dismissed on the ground that such an instruction is not to be found in the Missouri Approved Instructions. Whether such an instruction should have been given is a federal question.

— U.S. at —, 105 S.Ct. at 1348, 84 L.Ed.2d at 306. The court went on to say that federal law clearly holds that the present value instruction should be given.

■ The error which the trial court committed relates only to the amount of damages which the jury awarded. The jury awarded $1,000,000 to plaintiff; the verdict did not specify how much of the award was for lost future earnings and how much for pain and suffering. The instruction which the railroad requested referred only to a reduction in the award for the present value of respondent's lost future wages. Damages for pain and suffering would not be affected by a present value instruction.

■ The terse award of the trial court leaves respondent unable to show that the error in denying the present value instruction was harmless. Nor can this court, on the record before it, calculate any reduction in the award which might be applicable because of the present value instruction. For this reason the case is remanded for a new determination of damages.

There is also the question of contributory negligence to be considered. Instruction No. 8 to the jury allowed a jury finding of contributory negligence on the part of respondent. Instruction No. 9, the damages instruction, read in part:

If you find plaintiff contributorily negligent as submitted in Instruction Number 8, then you must diminish (his damages) in proportion to the amount of the negligence attributable to plaintiff.

There is nothing in the record to show what consideration the jury gave to the contributory negligence of the respondent if, indeed, they found him contributorily negligent in any degree.

■ The parties agreed in oral argument that a new trial on damages is necessarily a new trial on the relative degree of negligence of the plaintiff and the railroad. This court agrees with one reservation. Respondent has already proved to the satisfaction of the original jury that the railroad was negligent to some degree. The wrongful refusal to submit an instruction on present value does not taint the finding that the railroad was negligent. Respondent should not be forced to relitigate an issue not affected by the error which resulted in the reversal.

Respondent may request that the jury on retrial be instructed that the railroad must be presumed negligent. The jury shall then decide the proportionate negligence, if any, of respondent, and the amount of damages, under the proper instructions.

The cause is remanded for retrial on the issues of damages and the contributory negligence of the plaintiff.

KELLY, P.J., and SIMON, J., concur.