■ In the Matter of SALLY McKENNA et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 1.) MICHAEL McKENNA, an Infant, by His Guardian ad Litem, KATHLEEN RIBAUDO, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 2.)—In claims to recover damages for personal injuries allegedly resulting from the negligent maintenance of an intersection, defendant State of New York appeals from (1) a judgment of the Court of Claims (Lengyel, J.), dated February 28, 1984, which apportioned 40% of the liability to the State and 60% of the liability to nonparty Pietro Sama, and awarded claimants Sally McKenna and Eugene McKenna the principal sum of $276,118.70 and $20,000, respectively (claim No. 1), and (2) a judgment of the same court, also dated February 28, 1984, which awarded claimant Michael McKenna, represented herein by his guardian ad litem Kathleen Ribaudo, the principal sum of $2,300,000 (claim No. 2).

Judgments affirmed, with one bill of costs payable to respondents appearing separately and filing separate briefs.

The infant claimant and his mother were injured in a traffic accident. The collision occurred when the McKennas' car made a left turn from a local street onto Route 202. The intersection where the collision occurred was controlled by a stop sign maintained by the State. It is uncontested that two

large trees, 18 and 24 inches wide, respectively, located on Route 202, obstructed the view of a driver attempting to enter that route from the local street. The obstruction clearly violated State standards. Upon a prior appeal from a dismissal of the claims, this court determined that, as a matter of law, the resulting inadequate sight distance to the left of the intersection was a contributing cause of the accident, and remitted the matter to the Court of Claims for an assessment of damages and an apportionment of liability (*McKenna v State of New York*, 91 AD2d 1066). At the trial on liability, claimants introduced portions of the deposition of the driver of the second car, Pietro Sama, which deposition was conducted in connection with a related Supreme Court case; Mr. Sama did not testify in the instant proceedings. Mr. Sama stated at his deposition that he was proceeding north on Route 202 at 30 miles per hour looking straight ahead, as he approached the subject intersection. He first saw claimants' car when it was in the middle of the road in front of him, and never saw where it came from. When he saw claimants' car, the distance to impact was 10 to 15 feet. Other testimony at trial established that both roads were straight and level, and both drivers were familiar with the intersection. Claimant Sally McKenna testified that, after stopping at the stop sign, she edged forward until she was at the edge of or slightly into the traveling surface of the northbound lane, but that her vision was still obstructed. She could remember nothing further; it was stipulated that she suffered from traumatic amnesia. Conflicting evidence as to the available sight distance was fairly resolved by the court by a finding that the sight distance was no more than 200 feet prior to entering the traveling surface of Route 202. There was uncontradicted testimony by claimants' expert witness that six to seven seconds were required to react to the sight of an oncoming car, accelerate through the intersection, and safely turn left onto Route 202. Also uncontradicted was the expert's testimony that a car traveling 35 miles per hour would require 248 to 275 feet to stop, and that highway design conventions would provide for 309 to 397 feet of corner sight distance under the circumstances presented, that being the distance that would be covered in six seconds by a car traveling at 35 miles per hour. (We note that the State did not call its own expert to controvert any testimony offered by claimants' expert.) The impact of the collision knocked the claimant's car sideways 20 feet to the north of the intersection, on a wet surface. It was not raining at the time of the accident.

On the issue of damages there was evidence presented by claimants as to the extent and permanence of serious injuries of both Sally and Michael McKenna, and testimony by an expert witness regarding future loss of earnings and future medical and home care expenses of the infant claimant. Again we note that the State presented no witnesses.

The trial on liability resulted in a determination that the State was 40% liable, Mr. Sama, the driver of the second vehicle, was 60% liable, and claimant Sally McKenna was without fault. The court awarded damages for lost earnings, permanent injuries and pain and suffering to both Sally and Michael McKenna, as well as damages for future lost earnings and medical and home care expenses of Michael.

On this record, the apportionment of liability is well supported. We note that the claimants are entitled to prevail upon a lesser degree of proof (*Schechter v Klanfer,* 28 NY2d 228, 230; *Noseworthy v City of New York,* 298 NY 76, 80). The uncontradicted testimony establishes that it was necessary for claimant Sally McKenna to advance her vehicle onto the traveling surface of Route 202 in order to obtain adequate sight distance. Once she was in that "crash zone", it would have required an extraordinarily quick response time to allow her to escape to the far lane before impact. The accident could have been avoided, or its seriousness greatly reduced, if Mr. Sama, the driver of the second car had perceived the claimants' car emerging from the local street and applied his brakes expeditiously. We agree with the finding of the Court of Claims that the testimony of Mr. Sama was "less than credible", and that his inattentiveness was a major contributing cause of this accident.

As to the damage awards, we find the State's argument, that Sally McKenna's award for minimal lost earnings and pain and suffering should be reduced to present value, to be devoid of merit (*see,* 1 NY PJI2d 2:281, p 632), and we do not find the amount of the award excessive. The State attempts to challenge the award to the infant claimant by offering, in its brief on these appeals, what appear to be nothing more than counsel's economic projections and predictions of the purported present value of future earnings and expenses. We decline to accept the assumptions and conclusions proffered in the State's brief in place of expert testimony competent to explain and provide guidance on this very complex issue. Moreover, the trial testimony of claimants' expert witness was based on projection techniques which seem valid and reasonable, and we note that the Trial Judge made significant

reductions from the award recommended by the expert. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.