KENNETH J. FRIEDMAN AND RUTH FRIEDMAN, PLAINTIFFS-APPELLANTS, v. C & S CAR SERVICE, A/K/A CURTIS & SCOTTY CAR SERVICE, RALLYE IMPORTED AUTO PARTS, INC., AND COLUMBIA MOTOR CORPORATION, A FOREIGN CORPORATION, DEFENDANTS-RESPONDENTS.

Argued February 3, 1987—Decided July 20, 1987.

*Kenneth A. Berkowitz* argued the cause for appellants (*Blume, Vazquez, Goldfaden, Berkowitz, Oliveras & Donnelly*, attorneys).

*Bernard M. Radowitz* argued the cause for respondent C & S Car Service, etc.

*Gerald D. Siegel* argued the cause for respondent Rallye Imported Auto Parts Inc. (*Lewis, Siegel & Wood*, attorneys).

*Thomas G. Aljian* argued the cause for respondent Columbia Motor Corporation, etc.

*Arthur I. Miltz* and *John S. Voynick, Jr.* submitted a brief on behalf of *amicus curiae* ATLA–N.J., The New Jersey Affiliate of the Association of Trial Lawyers of America (*Miltz & Guarriello*, attorneys).

The opinion of the Court was delivered by

HANDLER, J.

In this personal injury action, defendant, Columbia Motor Corporation, appeals from a judgment entered upon a jury verdict awarding plaintiff, Dr. Kenneth Friedman, $875,000.00 for past, present, and future pain, suffering and disability. This appeal presents the Court with the issue of whether an award of damages for future non-economic injuries—pain, suffering, disability, and the like—must be discounted to reflect its present value. We now hold that such damages should not be discounted.

I.

On July 29, 1981, plaintiff was involved in an automobile accident caused by a defectively designed master brake cylinder installed in his vehicle by C & S Car Service (C & S). C & S had obtained the cylinder from Rallye Imported Auto Parts (Rallye), which purchased it from Columbia Motor Corporation (Columbia). As a result of the accident, Dr. Friedman suffered a

comminuted fracture of his left wrist, causing extreme pain during treatment as well as permanent pain and suffering.

Plaintiff has a Ph.D. in biological sciences and at the time of the accident was an Assistant Professor at the University of Medicine and Dentistry of the State of New Jersey. As a result of his wrist injury, plaintiff can no longer perform "highly sophisticated microsurgical experiments." Nevertheless, he has since been promoted to Associate Professor.

Dr. Friedman instituted this action against C & S, Rallye, and Columbia. Plaintiff sought to recover damages only for past and future pain, suffering, disability, and impairment. He made no claim for lost wages or medical expenses.

At trial, plaintiff's counsel advised the court that he would be making a time-unit argument in his closing statement. Under Rule 1:7–1(b), counsel may suggest to the trier of fact that it calculate damages on the basis of specific time periods, for example, the amount of pain that a plaintiff will suffer each day for the rest of his life. As required by the Rule, the trial court instructed the jury that plaintiff's time-unit summation was only argumentative and did not constitute evidence. No issue had been raised as to whether a jury award for damages was required to be discounted in order to represent only the present value of damages that encompassed compensation for future losses. Neither party had introduced evidence on present value and factors such as inflation or interest rates as these might affect an award for damages, and no instruction on these matters was requested. Further, in its jury charge, the trial court did not instruct the jury that any damages awarded for future losses must be discounted to present value, and no objection to this charge was raised.

The jury returned a verdict in the amount of $875,000 against Columbia. Defendant does not dispute that it is liable for the entire award, but appealed on the grounds that the verdict was

excessive and that it exceeded the plaintiff's statement of damages.[1]

The Appellate Division held that the trial court's failure to charge the jury that the damages awarded for future losses must be discounted to present value constituted plain error under Rule 2:10–2. 211 *N.J.Super.* 657, 667 (1986). The court ruled that whenever a time-unit summation is given, the jury must be instructed to discount the damages awarded for future non-economic losses. *Id.* at 666–67. In addition, the Appellate Division rejected the "total-offset" method of discounting,[2] stating that "[t]he evidence is clear ... that there is a time value of money reflecting a 'real return,' so that the 'total offset' theory is economically debatable." *Id.* at 672. The court remanded for a new trial on damages. We granted certification, 105 *N.J.* 545 (1986), and now reverse.

## II.

The question presented by this appeal has not previously been addressed by this Court. However, the great majority of jurisdictions that have considered this issue have concluded that damages for future non-economic losses should not be discounted to reflect their present value. *See, e.g., O'Byrne v. St. Louis Southwestern Ry. Co.,* 632 *F.*2d 1285, 1286 (5th Cir. 1980); *Flanigan v. Burlington N. Inc.,* 632 *F.*2d 880, 886 (8th Cir.1980); *Taylor v. Denver and Rio Grande W. R.R. Co.,* 438 *F.*2d 351, 353 (10th Cir.1971); *Beaulieu v. Elliott,* 434 *P.*2d 665, 676 (Alaska 1967); *Braddock v. Seaboard Air Line R.R. Company,* 80 *So.*2d 662, 667 (Fla.1955); *Bagley v. Akins,* 110 *Ga.App.* 338, 138 *S.E.*2d 430, 431 (1964); *Barlage v. The Place,*

---

[1] Defendant's latter claim has since been rejected by our decision in *Lang v. Baker,* 101 *N.J.* 147 (1985).

[2] The "total-offset" method is based on the theory or premise that over time the effects of inflation and of interest earned on a judgment will counterbalance or cancel out each other, thus obviating the need to discount to present value a damages award including future losses.

*Inc.,* 277 *N.W.*2d 193, 195 (Minn.Sup.Ct.1979); *Dickerson v. St. Louis Southwestern Ry. Co.,* 697 *S.W.*2d 210, 212 (Mo.App. 1985); *Ball v. Burlington N. R.R. Co.,* 672 *S.W.*2d 358, 361 (Mo.App.1984); *Porter v. Funkhouse,* 79 *Nev.* 273, 382 *P.*2d 216, 218–19 (1963); *McKenna v. State,* 112 *A.D.*2d 996, 492 *N.Y.S.*2d 805, 807 (1985); *Missouri Pac. R.R. Co. v. Handley,* 341 *S.W.*2d 203, 205 (Tex.Civ.App.1960); *Borzea v. Anselmi,* 71 *Wyo.* 348, 258 *P.*2d 796, 804 (1952); *see also United States v. Harue Hayashi,* 282 *F.*2d 599, 605 (9th Cir.1960) (under Hawaii law only pecuniary losses should be discounted). Most of these courts have based this conclusion on the incongruity of discounting to present value damages that are, by their very nature, so speculative and imprecise. *Borzea v. Anselmi, supra,* 258 *P.*2d at 804. As the Supreme Court of Florida stated in *Braddock v. Seaboard Air Line R.R. Company, supra,* 80 *So.*2d at 668:

> Jurors know the nature of pain, embarrassment and inconvenience, and they also know the nature of money. Their problem of equating the two to afford reasonable and just compensation calls for a high order of human judgment, and the law has provided no better yardstick for their guidance than their enlightened conscience. Their problem is not one of mathematical calculation but involves an exercise of their sound judgment of what is fair and right. The problem is often further complicated by the fact that the pain and suffering are yet to be suffered and thus even further removed from exact calculation and certain measurement. But such further uncertainty does not change the problem from one of judgment to one of calculation. It still rests within the enlightened conscience of the jury. We think, therefore, that the aspect of present compensation for future pain is merely one of the subjective elements of the problem, and is not a process of mathematical calculation of present value, such as must be applied to periodic future pecuniary losses. We think as has been said by others, that to treat future pain and suffering as the loss of an annuity is an absurdity.

*See also Flanigan v. Burlington N. Inc., supra,* 632 *F.*2d at 886 ("Requiring the reduction of an award for pain and suffering to its present value would improperly allow a jury to infer that pain and suffering can be reduced to a precise arithmetic calculation.").

Our decisional law in this area is compatible with the majority view. In *Botta v. Brunner,* 26 *N.J.* 82 (1958), we held that it

was improper for counsel to suggest to the jury specific monetary amounts for pain and suffering per hour or day or week and ask that these figures be used as part of a mathematical or arithmetical formula for calculating the damages to be awarded.[3] The Court based its holding on the "universal acknowledgement" that there can be no fixed basis or mathematical rule for establishing damage awards for pain and suffering:

[T]here is no measure by which the amount of pain and suffering endured by a particular human can be calculated. No market place exists at which such malaise is bought and sold.... It has never been suggested that a standard of value can be found and applied. The varieties and degrees of pain are almost infinite. Individuals differ greatly in susceptibility to pain and in capacity to withstand it. And the impossibility of recognizing or of isolating fixed levels or plateaus of suffering must be conceded. [*Id.* at 92–93.]

*See also Cox v. Valley Fair Corp.*, 83 *N.J.* 381 (1980) (pre-Rule 1:7–1(b) case holding that it was improper for counsel to argue to the jury that it use a per diem formula to calculate damages for pain and suffering).

More important, the Court in *Botta* quoted with approval from decisions in other jurisdictions holding that discounting damages for future pain and suffering " 'would plunge [an] already subjective determination into absurdity.' " *Id.* at 102 (quoting *Ahlstrom v. Minneapolis, St. Paul & Sault Ste. M.R. Co.*, 244 *Minn.* 1, 68 *N.W.*2d 873, 891 (1955).

As noted, Rule 1:7–1(b) now permits counsel to suggest to the trier of fact that damages for future non-economic losses be calculated on a time-unit basis. This change was designed to give the jury an approach, some guidance, in fixing an award for pain and suffering attributable to personal injury. However, the nature of pain and suffering remains intrinsically and intractably subjective, and, necessarily, any equation between

---

[3]Our decision in *Botta v. Brunner, supra,* 26 *N.J.* 82, was overruled in part by Rule 1:7–1(b), which permits counsel to argue to the trier of fact the appropriateness of employing a time-unit calculation technique for fixing any element of unliquidated damages. However, this Rule continues to prohibit any suggestion by counsel of specific monetary amounts either on a lump sum or time-unit basis.

pain, suffering, impairment and the like and monetary compensation remains elusive and speculative. The time-unit rule lends an aura of rationality to the determination of damages for non-economic losses. It has not, however, converted the determination· of monetary damages for personal injury, pain and suffering into an objective or precise calculation. In *United States v. Harue Hayashi, supra,* 282 *F.*2d 599, the defendant argued that since the non-economic damages at issue were calculated on a time-unit basis, they must also be discounted to present value. The court disagreed, stating that the time-unit analysis should not "be construed as an attempt to fix an exact estimate" of the loss that was suffered, and was employed only to assist the trial court "in arriving at a lump sum figure which would have some reasonable relationship to the damage sustained." *Id.* at 606. The court concluded that the "use of this method did not ... convert the award into one for pecuniary loss, thereby necessitating a reduction to present value." *Id.* We agree with the reasoning of the Ninth Circuit and hold that the adoption of Rule 1:7–1(b) does not mandate or permit the discounting of damages for future pain and suffering.

The rationale underlying our decision today distinguishes this case from *Tenore v. Nu Car Carriers,* 67 *N.J.* 466 (1975), where we held that the defendant in a wrongful death action is entitled to have the recovery for future pecuniary loss discounted to present value. Unlike damages for future pain, suffering, disability, and the like, the anticipated loss of future earnings can be calculated simply, accurately, and objectively. Therefore, requiring that an award for these damages be discounted to present value is neither artificial nor unrealistic. As the Eighth Circuit stated in *Flanigan v. Burlington N. Inc., supra,* 632 *F.*2d at 885:

"The application of the present value rule by the jury in making up the amount of damages to be allowed for the deprivation of pecuniary benefits arising from probable future earnings is not only just, but feasible. It is feasible because the jury may from actual past earnings, with other factors in the problem proven, set opposite each year of the estimated life that sum which would

probably be earned that year, and in death cases the probable pecuniary benefit to the party complaining or beneficially interested. These several sums can then be reduced to their present value. No such process is possible in estimating the amount to be allowed for pain and suffering, or for pain and inconvenience. In the matter of pain, suffering, or inconvenience, no books are kept, no inventories made, no balances struck." (quoting *Chicago & North Western Ry. v. Chandler*, 283 *F.* 881, 884 (8th Cir.1922)).

*See also Taylor v. Denver and Rio Grand W. R.R. Co., supra,* 438 *F.*2d at 352 (unlike damages for future pain and suffering, "loss of future earnings are capable of reduction to present worth because they can be computed by mathematical formula."). Thus, although there is merit in requiring a discount to present value with regard to damages encompassing future pecuniary losses, this position loses cogency in a case, such as this, involving a damages award for non-economic losses, given the inherently speculative nature of damages for pain, suffering, disability, and the like.

### III.

We hold that damages for future non-economic injuries should not be discounted or reduced to reflect their present value. The discounting to present value for such damages is artificial and unrealistic because of the imprecise and speculative nature of the elements underlying such determinations. Such a requirement would add to the time, expense, and complexity of civil trials without any corresponding enhancement of the reliability, accuracy, or fairness of damages awards.

The judgment of the Appellate Division is reversed and the judgment of the trial court reinstated.

*For reversal and reinstatement*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.