Jonas BRANT, Appellant,

v.

Tina BOCKHOLT and Brenda J. Neil, Appellees.

93–1736.

Supreme Court of Iowa.

May 24, 1995.

C.A. Frerichs of Fulton, Frerichs, Martin & Andrews, Waterloo, for appellant.

David L. Riley of Lindeman, Yagla, McCoy & Riley, Waterloo, for appellees.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

CARTER, Justice.

Plaintiff, Jonas Brant, who was awarded some damages in a personal injury action growing out of an automobile collision, appeals from that judgment. He urges that the damages awarded were inadequate, involved inconsistent elements of recovery, and were the product of erroneous jury instructions. The defendants in the action are Tina Bockholt and Brenda Neil, who were the driver and the owner, respectively, of an automobile that collided with another vehicle in which plaintiff was riding as a passenger. After considering the arguments presented, we conclude that the district court should not have instructed the jury that plaintiff's award for future pain and suffering must be reduced to present worth. As a result, we reverse the judgment of the district court and remand the case for a new trial on the issue of plaintiff's damages.

On February 2, 1990, a collision occurred between a motor vehicle in which plaintiff was riding as a passenger and another vehicle owned by defendant Brenda Neil and driven by Tina Bockholt. Defendant Bockholt had lost control of the automobile, crossed over the centerline, and collided with the vehicle in which plaintiff was riding. Plaintiff was thrown into the windshield and suffered severe cuts and lacerations to his face.

Following the collision, plaintiff was taken to Allen Memorial Hospital in Waterloo and later transferred to the University of Iowa Hospitals in Iowa City. He was hospitalized for two days. He later underwent four surgical procedures to reduce facial scarring. Plaintiff was in his senior year of high school when the collision occurred. He returned to school three weeks following his initial discharge from the hospital. Approximately six weeks following the collision, he was able to resume most normal activities and in the spring of 1990 participated on the school track team and in a school play.

At the time of trial, plaintiff was gainfully employed and indicated in his testimony that

he was able to carry on normal life activities, including an active social life. Although he did not claim to have suffered physical pain as a result of the injuries sustained, he did sustain numbness in the facial area and permanent facial scarring.

The case was tried to a jury, and a verdict was returned awarding plaintiff the following amounts:

$19,000 for treatment of facial scarring
$31,000 for future medical expenses
$25,000 for past pain and suffering
$10,000 for future pain and suffering

The jury awarded plaintiff nothing for past or future loss of function of the body or for future loss of earnings.

Plaintiff has appealed, contending that his pretrial motion for summary judgment on the issue of defendants' negligence should have been sustained, and that the jury's award of damages was inadequate, included inconsistent elements of recovery, and was prompted by erroneous jury instructions. Because we agree with plaintiff's contention that the jury should not have been instructed to reduce the award for future pain and suffering to present worth, we reverse the judgment of the district court. We remand the case to that court for a new trial on the issue of plaintiff's damages.

## I. Failure to Adjudicate Defendants' Negligence as a Matter of Law.

■ Plaintiff argues that the district court erred in not adjudicating defendants' negligence as a matter of law in ruling on plaintiff's pretrial motion for summary judgment. We do not reach the merits of this contention. This court has consistently held that errors against a party are cured by a verdict in that party's favor unless the error was prejudicial with respect to the amount of recovery. *Mills v. Guthrie County Rural Elec. Coop.*, 454 N.W.2d 846, 848 (Iowa 1990); *Nassif v. Pipkin*, 178 N.W.2d 334, 337 (Iowa 1970); *Edgren v. Scandia Coal Co.*, 171 Iowa 459, 474, 151 N.W. 519, 524–25 (1915). It might be otherwise if the appeal resulted in a new trial in which the same question might again arise with respect to the defendants' liability. In the present case, however, the grant of new trial is limited to the issue of damages, and liability will not be revisited.

## II. Whether Awards for Future Pain and Suffering Should be Reduced to Present Value.

Plaintiff objected to the trial court's jury instructions No. 20 and No. 25 to the extent that they required the jury to reduce the recovery for future pain and suffering to present value. That objection was overruled, and the jury was instructed that all elements of future damage should be reduced to present worth. Plaintiff contends that this was reversible error with respect to elements of noneconomic damage.

■ In reviewing the authorities on this issue, it appears that the overwhelming weight of decided case law favors plaintiff's position. So does Restatement (Second) of Torts section 913A (1979). This section of the Restatement provides:

The requirement of reduction to present worth applies to future pecuniary losses in general, but it arises most frequently with personal injuries. If earning capacity has been lost or impaired, the future losses in earnings are discounted. So also with damage awards covering future medical expenses; the payment of them at the future date will be a pecuniary loss. *But an award for future pain and suffering or for emotional distress is not discounted in this fashion.*

*Id.* (emphasis added). Cases holding that awards for future pain and suffering and other noneconomic losses should not be discounted to present worth include the following: *Flanigan v. Burlington N., Inc.*, 632 F.2d 880, 886 (8th Cir.1980); *Taylor v. Denver & Rio Grande W. R.R.*, 438 F.2d 351, 353 (10th Cir.1971); *Beaulieu v. Elliott*, 434 P.2d 665, 676 (Alaska 1967); *Braddock v. Seaboard Air Line R.R.*, 80 So.2d 662, 667 (Fla. 1955); *Bagley v. Akins*, 110 Ga.App. 338, 138 S.E.2d 430, 431 (1964); *Barlage v. The Place, Inc.*, 277 N.W.2d 193, 195 (Minn.Sup.Ct.

1979); *Dickerson v. St. Louis S.W. Ry.,* 697 S.W.2d 210, 212 (Mo.App.1985); *Ball v. Burlington N. R.R.,* 672 S.W.2d 358, 361 (Mo. App.1984); *Porter v. Funkhouser,* 79 Nev. 273, 382 P.2d 216, 218–19 (1963); *Friedman v. C & S Car Serv.,* 108 N.J. 72, 527 A.2d 871, 873 (1987) (citing *O'Byrne v. St. Louis S.W. Ry.,* 632 F.2d 1285, 1286 (5th Cir.1980)); *McKenna v. State,* 112 A.D.2d 996, 492 N.Y.S.2d 805, 807 (1985); *Missouri Pac. R.R. v. Handley,* 341 S.W.2d 203, 205 (Tex.Civ. App.1960); *Borzea v. Anselmi,* 71 Wyo. 348, 258 P.2d 796, 804 (1952); *see also United States v. Harue Hayashi,* 282 F.2d 599, 605 (9th Cir.1960).

In *Flanigan,* the United States Court of Appeals for the Eighth Circuit, applying federal law under the Federal Employers Liability Act, 45 U.S.C. § 51 et seq., determined the issue as follows:

> The same amount of pain and suffering does not occur from year to year nor can the degree of pain and suffering that will occur in any year be quantified with any degree of certainty. Requiring the reduction of an award for pain and suffering to its present value would improperly allow a jury to infer that pain and suffering can be reduced to a precise arithmetic calculation.

632 F.2d at 886. In considering this conclusion, we would also note that, in addition to the inexact quantification of pain, there is an absence of a precise time of occurrence from which a discount formula may be calculated.

The appellees urge that, notwithstanding the results of courts in other jurisdictions, Iowa law requires that all future elements of recovery be reduced to present worth, including noneconomic damages. They cite the case of *Schnebly v. Baker,* 217 N.W.2d 708 (Iowa 1974), as authority for that contention.

The "present worth" issue before this court in the *Schnebly* case concerned whether future economic damages were required to be reduced to present worth when they were computed on current prices rather than future prices and there was evidence that the rate of inflation would approximately equal the rate of return on money. We held that, if the evidence as to the inflation rate was believed, this would result in inflation canceling out the economic return on the accelerated receipt of future damages.

The theory of "canceling out" applied in the *Schnebly* case to avert the need to discount future damages to present worth was illustrated by examples involving the economic damages in the case. It would appear that this theory would not excuse the failure of a court to discount noneconomic damages to present worth if that is required. Yet, it is clear from the record in the *Schnebly* case that the district court did not reduce future noneconomic damages to present worth and the judgment was affirmed. Based on these circumstances, we are unable to conclude that *Schnebly* is authority for the proposition that future noneconomic damages must be reduced to present worth. We elect to follow the rule that prevails in most jurisdictions and hold that awards for future noneconomic damages such as pain and suffering and emotional distress need not be reduced to present worth.

III. *Other Issues.*

A. *Instructions on loss of function of the body.* The appellant also argues that the trial court erred in not instructing the jury that facial scarring could justify an award for loss of function of the body. We have recognized that loss of function of the body may be an element of recovery "for the deprivation of full mind and body, separate and apart from impairment of earning capacity." *Schnebly,* 217 N.W.2d at 726; *Yance v. Hoskins,* 225 Iowa 1108, 1119, 281 N.W. 489, 495 (1938). The trial court's instructions in the present case submitted loss of function of the body as a separate element of damage in addition to pain and suffering. Pain and suffering was broadly defined in the court's instructions to include bodily suffering, sensation or discomfort, mental pain, including mental anguish, anxiety, embarrassment, loss of enjoyment of life, a feeling of uselessness, or other emotional distress.

The element of loss of function of the body is broadly inclusive of various physical injuries. We are convinced, however, that this element of damage relates to functional impairment as opposed to structural impairment of the body. It is the inability of

a particular body part to function in a normal manner. In the present case, plaintiff presented no evidence of functional impairment due to facial scarring. Plaintiff's facial scarring did produce certain conditions for which damages might be recovered, but those elements of recovery were all embraced within the trial court's broad definition of pain and suffering. Any instruction allowing plaintiff to recover for loss of function of the body in addition to the elements of pain and suffering was necessarily more favorable towards plaintiff than he was legally entitled to be treated. Consequently, he was not legally prejudiced by the court's failure to tie this improper element of recovery to facial scarring.

In deciding this issue, we do not suggest that it would have been improper for the court to identify the claimed source of emotional distress, *i.e.,* facial scarring, in its instructions on pain and suffering if plaintiff had so requested. Indeed, we believe that such an instruction should have been given on request. Because, however, plaintiff sought to have that information included in an instruction relating to an improper element of recovery, no error resulted from the failure of the instructions to link that element of recovery with the injury that allegedly produced it.

■ B. *Claimed inconsistency in the verdict with respect to award of future medical expenses and absence of award for future loss of function of the body.* Plaintiff argues that the verdict of the jury was inconsistent in awarding $31,000 in damage for future medical expenses for treatment of facial scarring and disfigurement and failing to award any damages for the future consequences of facial scarring. This argument is premised on plaintiff's contention that an additional recovery for the facial scarring should have been permitted on a theory of future loss of function of the body in addition to the amount of recovery included in the court's instructions on pain and suffering. We have rejected that premise in our discussion of the immediately preceding issue. Plaintiff was not prejudiced by the failure to award damages for future loss of function of the body due to scarring. The jury did award damages for future pain and suffering and all compensable elements of recovery as the re-

sult of the scarring were included in the court's instructions defining pain and suffering.

■ C. *Scope of retrial.* Because our holding in Division II of this opinion requires that some issues be retried, we must determine the extent of that retrial. We follow the suggestion made in *Larimer v. Platte,* 243 Iowa 1167, 1176, 53 N.W.2d 262, 267 (1952), that specific issues may be retried in lieu of total retrial if it appears that the other issues have been rightly settled and that an injustice will not be occasioned. In the present case, we see no necessity for a retrial of the issues affecting liability. On the other hand, we believe that it would be inappropriate to order retrial of only a single element of damage. Jury determinations of various elements of damages are apt to be influenced by the recovery allowed for other elements of damage.

We have reviewed all issues presented and conclude that the judgment of the district court should be reversed. The case is remanded to that court for retrial of the issue of damages, if any, to be awarded as a result of defendants having negligently injured the plaintiff.

**REVERSED AND REMANDED.**