Sable N. FOSTER, By and Through Carmen FOSTER, Her Mother and Next Friend; and Carmen Foster, Individually, Appellees,

v.

Alfred PYNER, Susan Pyner, and Jama Pyner, Appellants.

No. 94–2043.

Court of Appeals of Iowa.

Feb. 2, 1996.

William L. Shelton of the Shelton Law Firm, Chariton, for appellants.

Thomas M. Werner, Des Moines, for appellees.

Heard by HAYDEN, P.J., and CADY and HUITINK, JJ.

HUITINK, Judge.

At age four, Sable Foster was bitten by the Pyners' dog. As a result, she suffered a laceration to her lower lip. Tissue torn from her lip was reattached by her personal physician, and she was referred to a plastic surgeon.

Dr. Ganske, a plastic surgeon, followed Sable's progress beginning in December 1991. In December 1992 he concluded the scar on Sable's lower lip was mature. Ganske did not recommend reconstructive surgery because he believed the surgery would increase rather than eliminate Sable's scarring.

Carmen Foster, Sable's mother, initiated this action to recover damages she incurred as Sable's parent and to recover damages on Sable's behalf. Prior to trial, the Pyners offered to confess judgment for $12,000. Foster rejected this offer, and the case proceeded to trial.

At trial, Foster offered evidence of the nature and extent of Sable's injuries. This evidence included testimony from all of Sable's treating physicians, including Dr. Ganske and Dr. Eugene Cherny, another plastic surgeon consulted by the Fosters. Dr. Cherny agreed with Dr. Ganske's opinion that Sable's scar was mature. He, however, recommended surgery because he concluded

the size of Sable's scar could be reduced. Cherny also testified the scar could not be completely removed and Sable would be left with a permanent scar on her face. He estimated the cost of this surgery at $6000.

The jury was instructed on the items of damage they were to consider if they found Fosters were entitled to recover on their respective claims. The special verdict form relating to Sable's claim included provisions for an award of past loss of function of the body, future loss of function of the body, past pain and suffering, and future pain and suffering. The special verdict form relating to Carmen's claim provided for an award of past loss of services, future loss of services, past medical expenses, and future medical expenses. The jury awarded Sable $1000 for past pain and suffering. Carmen was awarded $84 for past medical expenses. No damages were awarded for the remaining items of damage submitted.

Pyners requested an award of costs because the total verdict was less than the amount of their offer to confess judgment. *See* Iowa Code § 677.10 (1993). Fosters requested the court increase the amount of the verdict as a result of the jury's failure to award damages for past and future loss of function of the body, future pain and suffering, and future medical expenses, or, alternatively, a new trial.

The district court awarded Pyners the costs to which they were entitled pursuant to Iowa Code section 677.10. Fosters' request for an additur was also granted because the district court found the verdict was inadequate. The district court ordered $10,000 added to the verdict to compensate Sable for loss of function of the body, past and future. The order further provided for a new trial if Pyners rejected the court's proposed additur. The order did not address Fosters' claims for future medical expenses and pain and suffering. This appeal followed Pyners' rejection of the district court's additur and resulting order for a new trial.

On appeal, Pyners contend the district court abused its discretion by granting Fosters a new trial. They also claim it was error for the district court to consider the amount of their offer to confess judgment in

its order providing for an additur or alternative new trial.

■■■ A party may be granted a new trial when a jury awards excessive or inadequate damages. Iowa R.Civ.P. 244(d). In ruling on a motion for a new trial, the district court has broad but not unlimited discretion. *See Cowan v. Flannery*, 461 N.W.2d 155, 157 (Iowa 1990). We are slower to interfere with an order granting a new trial than with a denial of an order granting a new trial. Iowa R.App.P. 14(f)(4).

■■ As stated earlier, the district court found the verdict was inadequate because the jury did not award Sable any compensation for past or future loss of function of the body resulting from her facial scarring. In reaching this decision, the district court did not have the benefit of the Iowa Supreme Court's most recent opinion addressing this issue. In *Brant v. Bockholt*, 532 N.W.2d 801, 804–05 (Iowa 1995), the court stated:

> The element of loss of function of the body is broadly inclusive of various physical injuries. We are convinced, however, that this element of damage relates to functional impairment as opposed to structural impairment of the body. It is the inability of a particular body part to function in a normal manner. In the present case, plaintiff presented no evidence of functional impairment due to facial scarring. Plaintiff's facial scarring did produce certain conditions for which damages might be recovered, but those elements of recovery were all embraced within the trial court's broad definition of pain and suffering.

The absence of any evidence of functional impairment resulting from Sable's facial scarring leads us to conclude the jury's verdict in this case was not inadequate because it did not include damages for loss of function of the body.

The foregoing conclusion is not, however, dispositive of Pyners' appeal. The Fosters, in their posttrial motion and on appeal, argue the verdict was also inadequate because the jury failed to award damages for future pain and suffering and future medical expenses. We consider these issues even though they

were not addressed by the trial court. *See Johnston Equip. v. Industrial Indemnity,* 489 N.W.2d 13, 16 (Iowa 1992).

■ To recover the cost of future medical treatment, a plaintiff must furnish substantial proof of the necessity for future treatment and the cost thereof. *See Stanley v. State,* 197 N.W.2d 599, 607 (Iowa 1972). This rule is not, however, without qualification.

> Recovery has been allowed of expenses to be incurred to correct disfigurement resulting from the injury even though suggested by the doctor to prevent plaintiff's concern about the slight disfigurement rather than from any medical necessity.

*Zach v. Morningstar,* 258 Iowa 1365, 1371, 142 N.W.2d 440, 444 (1966).

■ The jury heard conflicting opinions from the plastic surgeons regarding the value of cosmetic surgery. Their verdict indicates they accepted Dr. Ganske's opinion that future surgery would do more harm than good. Under these circumstances, the jury was not obliged to award future medical expenses based on Carmen Foster's concerns about Sable's facial scarring. We accordingly conclude the verdict is not inadequate because the jury failed to award damages for future reconstructive surgery.

■ The traditional elements of pain and suffering include the physical and emotional consequences of facial scars. *Brant,* 532 N.W.2d at 805. Our supreme court, referring to future pain and suffering in another context, has noted the "absence of a precise time of [its] occurrence." *Id.* at 804. An award of future pain and suffering resulting from facial scars is not precluded by the plaintiff's testimony that her scar does not presently bother her or cause her any embarrassment. *Pestotnik v. Balliet,* 233 Iowa 1047, 1057, 10 N.W.2d 99, 103–04 (1943).

The photographic exhibits indicate Sable's scar is conspicuous because of its size, color, and location. Both plastic surgeons testified the scar is permanent. They also testified females with facial scars experience emotional distress as they mature. We accordingly conclude the jury's verdict failing to award damages for future pain and suffering is in conflict with rather than supported by the

evidence in this case. The district court correctly concluded, albeit for the wrong reason, that the verdict was inadequate. *See, e.g., Midwest Management Corp. v. Stephens,* 353 N.W.2d 76, 78 (Iowa 1984) (trial court may be affirmed on grounds on which it does not rely).

■ Our determination that the verdict was inadequate requires a remand for a new trial on the issue of both Carmen Foster's and Sable Foster's damages. We do not limit the retrial to a single issue of damages because "[j]ury determinations of various elements of damages are apt to be influenced by the recovery allowed for other elements of damages." *See Brant,* 532 N.W.2d at 805.

We need not address the remaining issues because we affirm for reasons other than those relied on by the district court.

**AFFIRMED AND REMANDED FOR NEW TRIAL ON DAMAGES.**