: MANSFIELD, Justice
(concurring in part and dissenting in part),
I' agree that a new trial is required because the special verdict awarding $16,937.53 for past medical expenses is inconsistent with the special verdict awarding only á nominal one dollar for past pain and suffering. However, there is no reason for the new trial to encompass all damages. Everyone received a fair trial below, and- the jury clearly rejected Bryant’s claims for ongoing or future harm. That is, the jury awarded Bryant nothing for future medical expenses, future pain and suffering, loss of future earning capacity, or future loss of full mind and body. Just as it is unnecessary for liability to be retried, an area where Bryant obtained a favorable verdict, by the samé rationale it is unnecessary for future damages to be retried, where Parr prevailed.
*383 The stated reason for not-.limiting a new trial to certain categories of damages is the concern that “[j]ury determinations of various elements of damages are apt to be influenced by the recovery allowed for other elements of damage.” Brant v. Bockholt, 532 N.W.2d 801, 805 (Iowa 1995). But that concern about cross-contamination is absent here, as the majority concedes. For past medical expenses, the jury awarded essentially the amount that Parr’s counsel conceded was due to Bryant — assuming the jury found liability — and less than the amount that insurance had paid on behalf of Bryant. It is simply inconceivable that this jury concluded Bryant had suffered some future harm but decided' not to award any damages for it because of some other damages he was getting.
Moreover, in Fisher v. Davis, 601 N.W.2d 54, 61 (Iowa 1999), we qualified Brant somewhat and indicated there is no need to retry “rejected claims [that] are irrelevant to the elements.of.damages pertaining to the injury the jury did believe [the plaintiff] sustained.” Retrial here could be easily and economically limited to Bryant’s alleged past damages.
The majority says that Bryant may have “medical expenses incurred since the first trial ... which would be unfair to exclude from a retrial.” But this of course begs the question whether there should be a second trial on claims as to which Bryant had a fair trial and which the jury squarely rejected. If a second trial is warranted, parties should be able to update their relevant evidence, but that is not a' separate reason for a new trial. ■
Numerous other jurisdictions have followed the approach for which I am advocating here. See Rice v. Cmty. Health Ass’n, 203 F.3d 283, 290 (4th Cir.2000) (noting» that “a new trial can be limited to ‘any separable matter’” and ordering a new trial on consequential damages only so as to avoid a “windfall” to the defendant that,had not challenged, other aspects, of the damage award (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2814 (2d ed. (1995))); Peebles, v. Circuit City Stores, Inc., No. 01 Civ. 10195(CSH), 2003 WL 22227964, *2 (S.D.N.Y. Sept. 25, 2003) (ordering a new trial only as to future damages rather than all damages and stating that “the greater weight of [New York] authority favors” this position); Sunahara v. State Farm Mut. Auto. Ins. Co., 280 P.3d 649, 658 (Colo.2012) (limiting a new trial to the issue of past economic damages only); ITT Hartford Ins. Co. Of the Se. v. Owens, 816 So.2d 572, 577-78 (Fla.2002) (noting that “[t]he plaintiffs future medical damages constitute a discrete item of recovery, separate from other damages,” and a new trial should be confined to them alone); Costales v. Rosete, 133 Hawan 453, 331 P.3d 431, 446 (2014) (“We therefore further limit the damages issues to be retried to those that are contested and that are ‘sufficiently separate’ from those damages issues that are not contested on appeal.”); Stamp v. Sylvan, 391 Ill.App.3d 117, 329 Ill.Dec. 611, 906 N.E.2d 1222, 1230-31 (2009) (finding a verdict irreconcilably inconsistent where the jury awarded damages for past medical expénsés but not pain and suffering while upholding the trial coUrt’s decision to limit the new damages trial to pain and suffering 'and loss of a normal life for the six-month period as to which the jury awarded-medical expenses); Masterson v. Siemens Indus., Inc., Nos. 2013-CA-000014-MR-and 2013-CA-000050-MR, 2014 WL 5489304, at *3 (Ky. Ct.App. Oct. 31, 2014) (upholding the trial court’s decision to limit the new trial to the sole issue of pain and suffering damages for a discrete time period and leaving the jury verdict undisturbed with regard to all other issues); Lindquist v. Scott Radiolog *384 ical Grp. Inc., 168 S.W.3d 685, 651 (Mo.Ct.App.2005) (affirming the grant of a new trial limited to the issue of past economic damages); Richards v. Fairfield, 127 A.D.3d 1290, 6 N.Y.S.3d 743, 745-46 (2015) (ordering a new trial limited to consideration of damages for future pain and suffering while upholding damages awarded for past pain and suffering); Foust v. Smith, No. 26275, 2015 WL 968856, at *4 (Ohio Ct.App. Mar. 6, 2015) (finding that the trial court “acted reasonably by finding that the failure to award [plaintiff] some amount for pain and suffering is contrary to the weight of the evidence” and that the “court did not err by granting a new trial on that singular issue limited to past physical pain and suffering damages”); Orris v. Brand, No. 98-1361, 1999 WL 516724, at *1 (Wis.Ct.App. July 22,1999) (per curiam) (affirming the grant of a new trial limited solely to consideration of damages for pain and- suffering and noting that “[a] jury’s decision on pain and suffering damages would not necessarily be affected by its decisions on other components of damages”).
One last point: It should be emphasized that the majority’s principle works in both directions. Suppose the jury felt that Bryant had been seriously and permanently injured in the accident and awarded him everything his attorney had asked for in closing argument, except for past pain and suffering damages where it only awarded one dollar. Under the court’s decision, as a practical matter, Bryant would be relucr tant to appeal this verdict inconsistency,because if he won, he would lose his entire damages award and be stuck with, a do-over on all aspects of damages. By the same token, Parr could use an appeal on this specific inconsistency as a method to overturn the entire damages award. ■ Is that fair?
For the foregoing reasons, I respectfully dissent in part.
CADY, C.J., joins this concurrence in part and dissent in part.