Phillip THOMPSON, Appellee,

v.

Travis ALLEN, Bronco Corp.,
and Modern Piping, Inc.,
Appellants.

No. 92–718.

Supreme Court of Iowa.

July 21, 1993.

Thomas D. Waterman of Lane & Waterman, Davenport, for appellants.

Mark J. Seidl of Tom Riley Law Firm, P.C., Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, NEUMAN, and ANDREASEN, JJ.

SCHULTZ, Justice.

In this appeal from a personal injury case, the driver of a motorcycle, plaintiff Phillip Thompson, was injured when he was struck by a pickup truck. The truck was driven by defendant Travis Allen and owned by defendant Bronco Corporation. Plaintiff sought damages arising from injuries to his leg, including a comminuted fibula fracture, ankle dislocation, and a puncture wound. Following a jury trial, the court granted plaintiff's motion for a new trial and denied defendants' motion for entry of judgment after specific additur. We affirm the grant of a new trial on the issue of damages; reverse the grant of a new trial on the issue of liability; and remand.

The jury rendered a verdict in the form of special interrogatories. It assessed fault at forty-nine percent to plaintiff and fifty-one percent to defendants. The jury answered the interrogatories on damages as follows:

| | | |
|---|---|---|
| 1. | Past medical expenses | $12,278.09 |
| 2. | Past lost wages | $ 4,058.28 |
| 3. | Past loss of function | $ .00 |
| 4. | Future loss of function | $ 5,000.00 |
| 5. | Past pain and suffering | $ .00 |
| 6. | Future pain and suffering | $ 5,000.00 |

TOTAL (add the separate items of damage)     $36,336.37

The separate items of damages totaled $26,336.37 rather than the amount listed by the jury. Apparently, the jury was discharged before the mathematical error was discovered. We respectfully suggest that jury panels not be released prior to a careful audit of the verdict.

Plaintiff moved for a new trial claiming inadequate damages and error in calculations.[1] Defendants resisted the motion and moved for entry of judgment following a specific additur of $5,000 each for past pain and suffering and past loss of full use of body, subject to the comparative fault assessment. Defendants also urged that if a new trial was ordered, it should be limited to damages only and the liability findings should remain intact. On appeal, defendants raise the same issues.

■ We agree that the jury's return of no damages for past pain and suffering and past loss of full use of body results in an inadequate verdict. *Cowan v. Flannery*, 461 N.W.2d 155, 160 (Iowa 1990). Defendants do not contest the inadequacy of the verdict. They urge that the trial court should have cured the error by increasing the amount of the award on the jury's verdict rather than remanding for a new trial.

Defendants submit that the correct legal standard for the court is to allow an additur when the amount of damages is undisputed or liquidated or is reasonably susceptible to a precise calculation. 58 Am.Jur.2d *New Trial* § 585 (1989). In support of their argument for an additur, defendants assert that in closing arguments plaintiff's counsel asked the jury to award an equal amount for past and future damages for plaintiff's pain and suffering and loss of full use of body. They suggest that if the court would add $5,000 to each zero award, the increase of $10,000 would reconcile the discrepancy between the mathematical total of the itemized damages awarded and the listed amount of total damages.

We do not agree with defendants' suggestions. The damages for past loss of function and past pain and suffering are neither liquidated nor reasonably susceptible to a precise calculation. Plaintiff's counsel asked the jury to award $50,000 in damages for past pain and suffering. We do not know why the jury did not ascertain a sum for these damages. Defendants' suggestion that the trial court should have corrected the jury's addition error by granting a specific additur would turn the court into a factfinder. The trial court correctly refused the request for an additur and granted a new trial.

■ II. *Extent of new trial.* Defendants also argue that a new trial should be limited to damages and that the jury's determination of fault should stand. The trial court rejected this request. Citing *Householder v. Town of Clayton*, 221 N.W.2d 488, 493 (Iowa 1974), the court concluded the general rule is that a new trial should be "granted as to the whole case and seldom on the issue of damages only." While *Householder* announced this general rule, the court had concluded that the jury's inadequate award was the result of a compromise involving a question of liability. *Id.* at 494.

■ We see a vast difference between this case and *Householder*. *Householder* was decided on a general verdict and before our adoption of comparative negligence. In the present case, there were separate interrogatories determining the allocation of fault and the various amounts of special damages. If there is no evidence in the record that the jury's determination of fault was compromised or affected by the evidence of damages, the issue of liability should not be resubmitted on remand. *Cowan*, 461 N.W.2d at 160; *Witte v. Vogt*, 443 N.W.2d 715, 717 (Iowa 1989); *Vorthman v. Keith E. Myers Enterprises*, 296 N.W.2d 772, 778 (Iowa 1980). In *Cowan*, we held that the jury's failure to award damages for pain and suffering, when it awarded damages for substantial medical expenses, required a new trial only on damages because there was no evidence that the jury's determination of fault was compromised or affected. 461 N.W.2d at 160.

---

**1.** Plaintiff's motion raised another claim not relevant to this appeal.

In *Witte*, we held an award just exceeding the amount of the medical expenses was inadequate and required a new trial on damages, but this inadequacy did not require a redetermination of fault. 443 N.W.2d at 716–17. In *Vorthman*, we stated it would be unfair to require a new trial on all issues "when the verdict establishing liability was not the result of a compromise trading off liability for reduced damages." 296 N.W.2d at 778. In this case, we find no evidence that the determination of fault was compromised by the determination of damages.

We believe the trial court's reliance on *Householder* was misplaced and resulted in the application of an incorrect legal standard. An application of an incorrect legal standard is an abuse of discretion. *See In re Marriage of Meredith*, 394 N.W.2d 336, 338 (Iowa 1986). On remand, only the issue of damages shall be resubmitted.

III. *Summary.* We affirm the trial court's grant of a new trial on the issue of damages only. Upon a determination of the amount of damages, the trial court shall calculate the award by using the assessment of fault made during the first jury trial.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**