# IN THE SUPREME COURT OF IOWA

No. 13–1883

Filed December 11, 2015

**KEVIN BRYANT,**

　　Appellant,

vs.

ROBERT LEE RIMRODT and GEICO GENERAL INSURANCE COMPANY,
　　Defendants,

and

**LORI LYNN PARR,**

　　Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

Plaintiff seeks a new trial based on an allegedly inconsistent and inadequate jury verdict awarding medical specials but only one dollar for pain and suffering for injuries suffered in a car accident. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED FOR NEW TRIAL ON DAMAGES.**

James K. Weston II of Tom Riley Law Firm, Iowa City, for appellant.

Thomas B. Read and Stephanie A. Legislador of Crawford, Sullivan, Read & Roemerman, PC, Cedar Rapids, for appellee Lori Lynn Parr.

**WATERMAN, Justice.**

In this appeal, we must decide whether the district court should have granted a new trial based on an allegedly inconsistent and inadequate jury verdict in a personal injury action arising from a motor vehicle accident. The jury initially awarded the plaintiff passenger nearly $17,000 in past medical expenses, but zero for pain and suffering. All parties agreed that the verdict was inconsistent, and the jury was instructed to resume deliberations to resolve the inconsistency. The jury then awarded one dollar for pain and suffering but left the rest of the verdict unchanged. The jury was discharged after no party requested further deliberations. The plaintiff's motion for a new trial was denied, and we transferred his appeal to the court of appeals, which affirmed, concluding "the one dollar award remedied the inconsistency, if any" because "[t]he cause and extent of injury were clearly disputed, and [the plaintiff] was not credible." We granted the plaintiff's application for further review.

On our review, we conclude the plaintiff preserved error through his objections to the verdict and motion for new trial without asking the court to send the jury back for a third round of deliberations to address the inconsistency. We hold that the award of one dollar for pain and suffering was inconsistent with the award of nearly $17,000 for medical expenses incurred for the diagnosis and treatment of pain. That inconsistency requires a new trial. Accordingly, we vacate the decision of the court of appeals, reverse the district court judgment, and remand the case for a new trial on damages.

## I. Background Facts and Proceedings.

On the evening of November 15, 2007, Lori Parr test drove a used SUV with Kevin Bryant, a salesperson at a Pat McGrath auto dealership

in Cedar Rapids. Bryant directed Parr to drive down Edgewood Road so she could experience city driving in the SUV. Parr made an illegal left turn, and the SUV was struck on the passenger side by a car driven by Robert Rimrodt. Bryant hit his head and briefly lost consciousness. Both vehicles were totaled.

Bryant was taken immediately after the accident to the Mercy Medical Center emergency room in Cedar Rapids. The emergency room doctors noted that Bryant reported pain in his lower back, neck, and right leg. The doctors were unable to find any physiological explanation for his complaints. Bryant was prescribed pain medication and discharged the same evening. However, Bryant failed to return to work that month due to his complaints of accident-related pain.

On November 24, Bryant went to the emergency room at Mercy Hospital in Iowa City, complaining of numbness and tingling in his left arm and severe headaches. A doctor examined Bryant but found no physiological explanation for his reported symptoms. The doctor told Bryant that he could expect to heal from the accident within three to four weeks.

Three days later, Bryant saw his personal physician, Dr. Kirk Gieswein. Bryant described his neck and back pain, headaches, and trouble sleeping. Bryant also complained of intermittent blurred vision. Dr. Gieswein prescribed Maxalt and Nortriptyline for his migraines and to help him sleep. Bryant had several follow-up appointments with Dr. Gieswein, and he continued to complain of headaches. Dr. Gieswein diagnosed Bryant with posttraumatic headaches.

On December 10, Bryant began seeing a physician chosen by his employer, Dr. Henri Cuddihy, for his neck and low-back pain. Bryant also complained of headaches and blurred vision. Dr. Cuddihy

authorized Bryant to return to work with a ten-pound lifting restriction. Bryant resumed working at the auto dealership on December 12. Dr. Cuddihy eventually removed the lifting restriction and cleared Bryant to work without restrictions. Based on Bryant's subjective complaints of back pain, Dr. Cuddihy assigned him a five percent impairment of the whole person and referred him to an ophthalmologist and a physical therapist.

The ophthalmologist, Dr. Jeffery Maassen, prescribed bifocals, which Bryant said improved his vision and headaches. Bryant also saw Patrick Cornelius, a physical therapist. Bryant's goal for the physical therapy was to relieve his pain. Bryant told Cornelius that he had constant headaches and moderate neck and low-back pain. Cornelius observed Bryant had a limited range of motion in his back and neck. Cornelius designed a home exercise program for Bryant and scheduled appointments for two to three times per week. Bryant did some of the exercises but not as often as suggested. Bryant reported that he improved, but he missed work on January 17 and 18, 2008, due to his complaints of pain. After several months of physical therapy, Bryant exhibited full range of motion in his back and neck.

On February 27, Bryant sought treatment from a chiropractor, Dr. Christine Bowman. During the initial consultation, Bryant reported he had severe neck and low-back pain, numbness in his left leg, and headaches. Dr. Bowman conducted an orthopedic examination and observed a restricted range of motion. She diagnosed Bryant with sciatica, degeneration of lumbar disc, degeneration of cervical disc, and pain in the thoracic spine. Dr. Bowman recommended Bryant continue chiropractic treatments consisting of manual spinal adjustments. Bryant responded well to the treatments initially, but later Dr. Bowman

reported his "prognosis is guarded because he is experiencing mixed results." Bryant said the adjustments helped him manage his pain, and he continued with this treatment throughout the trial.

On November 5, 2009, Bryant filed this lawsuit against Parr[1] and Rimrodt, alleging their negligence caused his personal injuries.[2] Parr and Rimrodt countered that Bryant was at fault for directing Parr to make the left turn and conducting a distracting demonstration of the SUV's features during the test drive. Bryant's jury trial began July 8, 2013, forty-four months after he filed suit.

Bryant was age fifty-five at trial, and according to his trial testimony, the injuries from the accident over six years earlier permanently harmed his health and altered his life. He claimed that he did not go to the doctor or use prescription drugs before the accident. Previously, Bryant had played football at the University of Iowa and had continued his active lifestyle after graduating. Bryant had regularly lifted weights, swam, or jogged before the accident. Bryant became curious about chiropractic care after he had a football-related injury to his ankle and was treated by a chiropractor four times. He went twice after his football injury and twice in 2007.

After the accident, Bryant testified he continued to suffer from headaches and pain in his leg, lower back, shoulders, neck, and left hand. His blood pressure rose, and he gained weight. His injuries

---

[1]Between the accident and trial, Lori Parr married and changed her name to Lori Springsteen. For convenience and to align this opinion with the parties' briefs, we refer to her as Parr.

[2]Bryant also sued GEICO General Insurance Company under its uninsured and underinsured motorist provisions because Bryant claimed his damages would exceed Parr and Rimrodt's insurance policies. GEICO's claims were severed before trial and are not at issue in this appeal.

decreased his ability to perform everyday tasks, such as vacuuming, washing dishes, putting on clothes, or sitting for extended periods. He slept poorly due to difficulty finding a good sleeping position.

Bryant claimed he lost earning capacity because his ability to concentrate diminished after the accident. Bryant said he wanted to change jobs because he feared test drives. Bryant explored a new career selling insurance based on his past experience in that field but gave up because he felt he lacked the concentration needed to complete the testing required for an insurance license.

Defense counsel sought to impeach Bryant on cross-examination in several ways. Defense counsel introduced Bryant's sworn interrogatory answers denying *any* chiropractic treatment before the accident, together with evidence that Bryant, in fact, had twenty-three chiropractic manipulations from Dr. Bowman in 2006. Bryant testified at trial that Dr. Bowman treated his "minor" back pain, yet Bryant had indicated on his 2006 client intake form that he had a history of backaches, headaches, and being "locked on all fours." Defense counsel also showed that Bryant worked as a car salesman for about a year after the accident despite his alleged anxiety over test drives.

A defense expert, Dr. Thomas Hughes, testified by deposition that he reviewed Bryant's medical records and conducted an independent medical examination. Dr. Hughes opined that Bryant exaggerated his symptoms. He found no physiological explanations for Bryant's complaints of pain. Dr. Hughes disagreed with how Dr. Cuddihy arrived at the five percent impairment rating and concluded Bryant was not impaired. Dr. Hughes conceded he had no reason to doubt that Bryant was injured when he hit his head during the collision on November 15.

The defendants also challenged the need for the chiropractic treatment Bryant received. Dr. Dan Futch, a chiropractor who had reviewed Bryant's records, testified Bryant's treatments were excessive. Dr. Futch conceded Bryant had suffered a head injury and minor injuries to his neck and thoracic and lumbar spine in the accident. But Dr. Futch opined Bryant exaggerated his neck pain and his leg pain was unrelated to the accident. Dr. Futch described chiropractic adjustments as "aggressive" and "skillfully controlled violence" that is generally intolerable for persons with serious back problems. Dr. Futch said the fact that Bryant was able to undergo over one hundred spinal adjustments suggested that Bryant's back injury was not serious. Moreover, Dr. Futch testified that twenty-four treatment sessions provide the maximum benefit that may be derived from chiropractic adjustments, so Bryant did not need the 115 adjustments he actually received.

Defense counsel also noted inconsistencies in what Bryant told his doctors. For example, when Bryant went to the emergency room on November 24, 2007, he denied having any neck pain. Further, when Bryant first went to Dr. Cuddihy, he did not complain of numbness or tingling in any of his extremities. The defendants, however, presented no evidence that Bryant was uninjured in the accident.

In closing argument, Bryant's counsel asked the jury to award a total of $544,824, as follows:

| | |
|---|---|
| Past medical expenses[3] | $33,408 |
| Future medical expenses | $77,340 |
| Loss of time–earnings[4] | $11,076 |

---

[3]This included $18,732 for chiropractic treatment.

[4]Bryant arrived at this amount from his workers' compensation award. The defendants disputed this amount because $9502 of his award was designated for the

| | |
|---|---|
| Loss of future earning capacity | $75,000 |
| Past pain and suffering | $66,000 |
| Future pain and suffering | $66,000 |
| Loss of full mind and body—past | $66,000 |
| Loss of full mind and body—future | $150,000 |

Bryant's counsel explained that insurance had paid $20,039 in medical bills that must be reimbursed, so Bryant would not personally recover any lower award. Both defense counsel agreed that if the jury reached the issue of damages, it would be appropriate to award $8237 for these medical expenses:

| | |
|---|---|
| Chiropractic treatments | $1440 |
| Area Ambulance | $749 |
| Physical therapy | $4021 |
| Radiology | $276 |
| UI Healthworks | $837 |
| Walmart Pharmacy | $33 |
| Radiologic Medical Services | $406 |
| Cedar Neurologic Surgeons | $475 |

Parr's counsel conceded it also would be appropriate to award all of the claimed medical expenses for Mercy Medical, Mercy Hospital, Mercy Services, and Linn County ER Medicine bringing the total to $16,219.

The jury was instructed that "[t]o establish his claim against [Parr], Plaintiff must prove [Parr's] . . . . negligence was a cause of damage to the plaintiff [and] the nature and extent of damage." The jury was instructed as follows regarding causation:

> The conduct of a party is a cause of injury when the injury would not have happened except for the conduct. There can be more than one cause of an injury. When two or more separate acts are so related to the injury that their combined action, when viewed as a whole, is the cause of the injury without which the injury would not occur, then each act may be a cause.

Instruction No. 12.

_____

five percent partial disability assigned by Dr. Cuddihy. Workers' compensation paid Bryant $1574 in lost wages.

If you find plaintiff had a pre-existing medical condition before this incident and this condition was aggravated by this incident causing further suffering or disability then he is entitled to recover damages caused by the aggravation. *He is not entitled to recover for any physical ailment or disability which existed before this incident or for any injuries or damages which he now has which were not caused by either defendant's actions.*

Instruction No. 29 (emphasis added).

The jury instructions on damages stated in part:

**Past Medical Expenses.** The reasonable cost of necessary hospital charges, doctor charges, prescriptions and other medical services from the date of injury to the present time.

In determining the reasonable cost of necessary hospital charges, doctor charges, prescriptions and other medical services, you may consider the amount actually paid, or any other evidence of what is reasonable and proper for such medical expense.

. . . .

**Loss Of time - Earnings.** The reasonable value of lost wages from the date of injury to the present time.

. . . .

**Loss Of Full Mind And Body - Past.** Loss of function of the mind and body from the date of injury to the present time. Loss of mind and body is the inability of a particular part of the mind and body to function in a normal manner.

. . . .

**Physical And Mental Pain And Suffering - Past.** Physical and mental pain and suffering from the date of injury to the present time.

Physical pain and suffering may include, but is not limited to, bodily suffering or discomfort.

Mental pain and suffering may include, but is not limited to, mental anguish or loss of enjoyment of life.

. . . .

The amount you assess for physical and mental pain and suffering in the past and future, future earning capacity, loss of function of the mind and body in the past and future cannot be measured by any exact or mathematical standard. You must use your sound judgment based upon an impartial

consideration of the evidence. Your judgment must not be exercised arbitrarily, or out of sympathy or prejudice, for or against the parties. *The amount you assess for any item of damage must not exceed the amount caused by a party as proved by the evidence.*

A party cannot recover duplicate damages. Do not allow amounts awarded under one item of damage to be included in any amount awarded under another item of damage. The amounts, if any, you find for each of the above items will be used to answer the questions on the verdict form.

Instruction No. 26 (emphasis added).

The jury returned a special verdict finding Parr ninety-five percent at fault and Bryant five percent at fault. No fault was assigned to the other driver, Rimrodt. The jury's verdict on damages was as follows:

| | | |
|---|---|---|
| 1. | Past medical expenses | $16,937.53 |
| 2. | Future medical expenses | $0 |
| 3. | Loss of time—earnings | $1,574.66 |
| 4. | Loss of future earning capacity | $0 |
| 5. | Past pain and suffering | $0 |
| 6. | Loss of full mind and body—past | $0 |
| 7. | Loss of full mind and body—future | $0 |
| | TOTAL (add the separate items of damage) | $18,512.19 |

The presiding judge was on military leave when the jury finished deliberations, so a different judge received the verdict. All parties agreed that the court should send the jury back for further deliberations with an instruction that an award of past medical expenses required an award for past pain and suffering. Thereafter, the jury returned a second verdict that awarded one dollar for past pain and suffering, but left the other amounts unchanged:

| | | |
|---|---|---|
| 1. | Past medical expenses | $16,937.53 |
| 2. | Future medical expenses | $0 |
| 3. | Loss of time—earnings | $1,574.66 |
| 4. | Loss of future earning capacity | $0 |
| 5. | Past pain and suffering | $ ~~0~~1.00 |
| 6. | Loss of full mind and body—past | $0 |
| 7. | Loss of full mind and body—future | $0 |
| | TOTAL (add the separate items of damage) | $18,513.19 |

The court, by teleconference, informed trial counsel of the new verdict. Bryant's counsel responded as follows:

> Obviously, it's one dollar, so that would be my opinion. Inadequate.
>
> And I guess my position is, first, that based on the — you know, we sent it back to them, they gave this award of one dollar.
>
> And, again, we submit it's really inadequate given the evidence, that at this time we would discharge the jury and set the case for a new trial but, in the alternative, would request a further instruction telling the jury that their award for pain and suffering is inadequate given the evidence, and that they need to — You can't tell them what to give, but you can tell them that it's not adequate and that they need to do more.

Defense counsel argued the jury's award complied with the instruction to award damages for pain and suffering and objected to sending the jury back for further deliberations. Bryant's counsel responded that the court should order a new trial because the jury's award of damages was inadequate and the verdict was inconsistent:

> [The chiropractic treatment and physical therapy], the evidence is clear, were performed to assist Mr. Bryant with his pain and for the relief of pain and, therefore, it is inconsistent for the jury to make the award for those medical expenses and others, including evidence of medical expenses for pain medication, without an award for pain and suffering in an amount significantly greater than what was awarded by the jury. It's — It is inconsistent.
>
> And where a finding of the jury is not supported by evidence, a new trial must be granted. . . .
>
> . . . And that an inadequate award of damages is grounds for a new trial. . . .
>
> And for those reasons, especially, again, because both Defendants have — are resisting the idea of sending another instruction to the jury, Plaintiff would at this time request that the jury be discharged and that the Court set this case for a new trial on the issue of damages.

The judge directed counsel for Bryant and for Parr to come to court for further discussions on how to handle the verdict.

When counsel for Bryant and for Parr arrived an hour later, they agreed the jury should not be told to deliberate a third time:

> MR. WESTON: I think at this time, Your Honor, given the response that we've had from the jury and some additional time to think about it and the discussion that we've had with Your Honor and Mr. Read, I think it does make sense at this point not to send it back again due to the inconsistency of the verdict and that they've been given a chance to remedy that and they weren't able to do so.
>
> . . . .
>
> And I — I understand the Court, obviously, because Your Honor was not there for the trial and hasn't seen the exhibits and didn't hear any testimony, you're not familiar with the findings of the case, but just our position would be that it's not possible to reconcile the award of medical expenses that was made with a verdict of zero or one dollar or anything like that for either pain and suffering or body function.
>
> THE COURT: Mr. Read?
>
> MR. READ: The jury has now been given two chances to make its decision on the issue of pain and suffering, and I don't think that a third would be productive at this point. I think the Court should accept the verdict form as is and proceed.

Accordingly, the court discharged the jury.

Bryant filed a motion for a new trial alleging the verdict was inadequate and inconsistent. Parr resisted. The judge who had presided over the trial, now back from military leave, presided over the hearing on the motion for new trial. The district court denied the motion in a ruling that focused on the disputed nature of Bryant's injuries:

> After considering all the evidence presented at trial, the Court finds the jury's award of $1.00 for pain and suffering is not inadequate and does not warrant ordering a new trial on the issue. The cause and extent of Plaintiff's injury was highly disputed at trial. The jury received contradictory evidence, including Plaintiff's own testimony, that Plaintiff had a pre-existing medical condition at the time of the accident. The jury also received evidence that Plaintiff had received the same or similar chiropractic treatment pre-accident that was also deemed necessary post-accident. Based upon this evidence, it was reasonable for the jury,

weighing the credibility of both the Plaintiff and the medical experts, to conclude Plaintiff failed to establish his claimed pain and suffering damages were caused by the instant accident. Furthermore, the Court finds it telling that the jury initially determined Plaintiff was entitled to no compensation for pain and suffering before awarding only $1.00 in nominal damages after being compelled to deliberate further by the Court.

Additionally, the contradictory nature of the evidence also supports the jury's denial of an award for past loss of full mind and body, making additional instruction by the Court to the jury on this issue unwarranted.

The jury's verdict and damage award was supported by substantial evidence, did justice for all parties, and should not be disturbed.

Bryant appealed, arguing the verdict was inconsistent and inadequate. We transferred the case to the court of appeals. The court of appeals affirmed the order denying a new trial. It concluded that given Bryant's preaccident history of pain and lack of objective evidence of pain, the one-dollar award for pain and suffering was consistent with the evidence:

[W]e conclude the one dollar award remedied the inconsistency, if any, because the award is not so logically and legally inconsistent as to be irreconcilable in the context of the case. The cause and extent of injury were clearly disputed, and Bryant was not credible.

We granted Bryant's application for further review.

**II. Standard of Review.**

Our review of a district court's ruling on a motion for new trial depends on the grounds raised in the motion. *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 609 (Iowa 2006). When the ground for a new trial is inconsistency of the jury verdict, we review for correction of errors at law. *Id.* "[J]ury[] verdicts are to be liberally construed to give effect to the intention of the jury and to harmonize the verdicts if it is possible to do so." *Hoffman v. Nat'l Med.*

*Enters., Inc.*, 442 N.W.2d 123, 126 (Iowa 1989). "We are slower to interfere with the grant of a new trial than with its denial." *Cowan v. Flannery*, 461 N.W.2d 155, 157 (Iowa 1990); *see* Iowa R. App. P. 6.904(3)(*d*).

### III. Analysis.

We must decide whether the jury verdict awarding $16,937 in past medical expenses but just one dollar in past pain and suffering is inconsistent such that a new trial is required. We first address Parr's contention that Bryant failed to preserve error because he did not request the court to instruct the jury to resume deliberations yet again after it increased the pain and suffering award from zero to one dollar. We conclude error was preserved by Bryant's objections and motion for a new trial. On the merits of the appeal, we hold the verdict is inconsistent and a new trial on damages is required.

**A. Error Preservation.** Parr argues on appeal that Bryant failed to preserve error because Bryant did not ask the district court to instruct the jury to resume deliberations after the jury awarded one dollar for past pain and suffering. Parr contends that a party challenging an inconsistent verdict must request further deliberations to cure the inconsistency before moving for a new trial or appealing. What sets this case apart, however, is that the jury had already been instructed to resume deliberations for a second time to cure an inconsistency after it initially awarded nearly $17,000 in medical expenses and zero for pain and suffering. The district court, with the agreement of all parties, instructed the jury that an award of medical expenses requires an award for pain and suffering. The jury responded by awarding one dollar. All parties and the district court agreed that additional jury deliberations were not required.

Parr cites no case, and we found none, holding that to preserve error for appeal a jury already instructed once to resume deliberations to resolve an inconsistency must be instructed to resume deliberations yet again after returning a new, slightly different award. Our rules do not require sending the jury back repeatedly to resolve inconsistent verdicts. To the contrary, the district court may "*either* send the jury back for additional deliberations or grant a new trial." *Clinton Physical Therapy*, 714 N.W.2d at 611 (emphasis added); *see also* Iowa R. Civ. P. 1.934 ("If the answers are inconsistent with each other . . . the court shall not order judgment, but either send the jury back or order a new trial."). In *Clinton Physical Therapy*, the plaintiff consented to a sealed verdict,[5] which we noted "may constitute a waiver of the additional-deliberations option, but it would not constitute a waiver of other remedies." 714 N.W.2d at 610. We held that the plaintiff preserved error to challenge the district court's denial of its motion for a new trial based on the inconsistent verdict. *Id.*

The district court is best positioned to determine whether to order additional deliberations before ruling on a motion for new trial. *See Dutcher v. Lewis*, 221 N.W.2d 755, 762 (Iowa 1974) ("Ordinarily, it is discretionary with the court as to which of these alternatives to choose."). All parties agreed this jury should not be sent back to deliberate again. Bryant thereby waived the right to seek further deliberations but not a new trial. Bryant objected to the verdict as inconsistent and inadequate and moved for a new trial on those grounds. We hold he preserved error to appeal the district court's denial of his motion for new trial.

---

[5]A sealed verdict permits the district court to discharge the jury after it reaches the verdict "without reporting its findings in open court in the presence of the parties." *Clinton Physical Therapy*, 714 N.W.2d at 607–08.

**B. Inconsistent Verdict.** Bryant primarily argues the jury award of $16,937 in past medical bills incurred to treat his complaints of pain over several years is inconsistent with the award of one dollar for past pain and suffering.[6] The first step in our analysis "is to determine if an inconsistency exists." *Clinton Physical Therapy*, 714 N.W.2d at 613. "When we can harmonize the jury verdict in a reasonable manner consistent with the jury instructions, the evidence, and inferences the jury could have drawn from that evidence, the verdict is not inconsistent." *Crow v. Simpson*, ___ N.W.2d ___, ___ (Iowa 2015); *see also* Iowa R. Civ. P. 1.934. Conversely, "[w]hen, under this analysis, two answers or findings by the jury would compel the rendition of different judgments, the answers are inconsistent." *Clinton Physical Therapy*, 714 N.W.2d at 613. The district court may enter judgment based on consistent answers but may not enter judgment when the answers to interrogatories are inconsistent. *Id.*

We applied these principles in *Clinton Physical Therapy*. In that case, the plaintiff, a provider of physical therapy services, sued a health maintenance organization (HMO) for breach of contract. *Id.* at 606. The fighting issue was whether the HMO's plan covered the services, billed at fifty dollars per office visit. *Id.* at 606. The HMO contended the plaintiff failed to mitigate damages by continuing to provide services for members

---

[6]Bryant also argues the verdict was inconsistent because the jury failed to award any amount for loss of full use of mind and body. We agree with the district court and court of appeals that the jury's finding on that element of damages was not inconsistent with the award of medical expenses. The jury was instructed that damages for loss of full use compensate for the "inability of a particular part of the mind and body to function in a normal manner." It is a separate element from pain and suffering. *See Brant v. Bockholt*, 532 N.W.2d 801, 804–05 (Iowa 1995). The jury could have found Bryant suffered no loss of function from the accident. Accordingly, the jury's award of medical expenses but zero for loss of full use is not inconsistent.

after being notified they were not covered by its plan. *Id.* The case was submitted to the jury with special interrogatories. *Id.* at 607–08. The jury returned a sealed verdict with answers to the first three interrogatories, finding the HMO breached the contract. *Id.* at 608. The jury answered the fourth interrogatory by finding the plaintiff did *not* fail to mitigate its damages. *Id.* The jury's answer to the fifth interrogatory found the plaintiff's damages were $138,750. *Id.* Yet, the jury answered the sixth interrogatory by finding the plaintiff failed to mitigate damages in the amount of $128,200. *Id.* The district court "discharged the jury without notifying the attorneys for the parties." *Id.* The plaintiff moved for a new trial, arguing that the verdict was inconsistent. *Id.* The district court found it was possible to reconcile the answers based on evidence that $128,200 was the amount billed after notification that the services were outside the HMO's coverage while $138,750 was the total amount billed. *Id.* at 609. The district court changed the jury's answer to the fourth interrogatory from "no" to "yes" to reflect a finding of failure to mitigate and entered judgment for the plaintiff in the amount of $10,550. *Id.*

The plaintiff appealed, and we transferred the case to the court of appeals, which affirmed. *Id.* We granted the plaintiff's application for further review. *Id.* We acknowledged "the district court may have uncovered a very logical explanation for the inconsistent answers." *Id.* at 614. But we concluded that reforming the verdict required impermissible speculation as to the jury's intent as to conflicting evidence of mitigation:

> [w]hen two answers in a verdict are both supported by substantial evidence but are inconsistent under the instructions, a court may not attempt to reconcile the inconsistency and enter a judgment by correcting the inconsistency to conform to the intent of the jury because

the two conflicting views of the evidence would necessarily produce some speculation about the intent of the jury.

*Id.* Accordingly, we held "[t]he answers in the verdict in this case were internally inconsistent as a matter of law" which required a new trial. *Id.*

Because the jury in that case had not been given the opportunity to resolve the inconsistency through further deliberations, necessitating a retrial, we reiterated, "To avoid repetition of this resource-wasting result, we repeat [our] prior admonition that '[t]he trial court should not discharge the jury until it determines the special verdict is consistent and supported by evidence.' " *Id.* at 616 (quoting *Cowan*, 461 N.W.2d at 160)). The district court in this case followed that admonition when the jury awarded Bryant nearly $17,000 in medical expenses but zero for pain and suffering—a verdict all parties agreed was inconsistent. But the jury, after being instructed an award of medical expenses required an award for pain and suffering, deliberated again and awarded one dollar for that element, leaving the rest of its verdict unchanged. The district court and court of appeals concluded the one dollar award cured the inconsistency. We disagree.

A dollar constitutes nominal damages. *Cowan*, 461 N.W.2d at 158. We have stated:

> Generally, nominal damages are not recoverable in cases in which damages are an element of the cause of action. Because damages are an element of a negligence or comparative fault action, nominal damages should not be awarded. If a party has suffered personal injury as a result of another's negligence or fault, the injured party is entitled to actual or substantial damages, not nominal damages. Nominal damages are allowed, not as an equivalent for the wrong, but in recognition of a technical injury and by way of declaring a right and are not the same as damages small in amount.

*Id.* at 158–59 (citations omitted). In *Cowan*, we held that an award of medical expenses to treat pain was inconsistent with an award of zero for

pain and suffering. *Id.* at 160. The district court erred by failing to follow *Cowan.*

Cowan was injured when his car collided with a grain truck. *Id.* at 156, 159. He sued the truck driver for negligence. *Id.* at 156. Cowan's alleged damages included medical expenses incurred to treat severe headaches, dizziness, blurred vision, and back pain from the collision. *Id.* at 159. The defendant "vigorously challenged" Cowan's alleged injuries with medical records noting Cowan's prompt recovery and a job application submitted a year after the accident in which Cowan "certified . . . he did not have, nor had he ever had, chronic neck pain, neck stiffness, chest pain, back injury, chronic back pain or back stiffness." *Id.* at 160. The jury found past and future medical expenses totaling $21,220 but awarded zero for pain and suffering, loss of earning capacity, or loss of body function. *Id.* at 157. The jury was discharged without further deliberations, and the district court entered judgment on the verdict. *Id.* Cowan moved for a new trial, contending the verdict was "internally inconsistent" and "not supported by the evidence." *Id.* The district court denied the motion, ruling that the "total amount of damages found by the jury is reasonable and supported by the evidence." *Id.* Cowan appealed. *Id.* at 156. We reversed and remanded the case for a new trial on damages. *Id.* at 160. We concluded,

> It is illogical to award past and future medical expense incurred to relieve headache, neck and back pain and then allow nothing for such physical and mental pain and suffering. Having determined that these medical expenses were recoverable, there seems no way for the jury to disallow recovery for the appellant's pain and suffering for the same injuries. Although the award may be adequate, a special verdict award of nothing for pain and suffering is inconsistent and unsupported by evidence.

*Id.* at 160. The same reasoning applies to Bryant's verdict.

By contrast, in *Foggia v. Des Moines Bowl-O-Mat, Inc.*, we were presented with a factual variation of *Cowan* and held a small award for pain and suffering but zero for medical expenses was consistent. 543 N.W.2d 889, 891–92 (Iowa 1996). Foggia slipped and fell on an icy concrete slab outside the defendants' bowling alley. *Id.* at 890. He first sought treatment months later, when he told his chiropractor "he was sore because he had just cut down 100 trees." *Id.* He did not inform his chiropractor that he had fallen on ice until his next visit a day later. *Id.* At trial, the defendants produced evidence that Foggia had an extensive history of separate injuries, both before and after his fall at the bowling alley. *Id.* The jury found for the plaintiff and awarded one hundred dollars for past pain and suffering, but zero for future pain and suffering, past medical expenses, or loss of past and future body function. *Id.* at 891. The plaintiff's motion for a new trial based on the allegedly inconsistent verdict was denied, and he appealed. *Id.*

We affirmed and held the jury verdict that awarded Foggia one hundred dollars for pain and suffering but no medical expenses was consistent. *Id.* at 892. We considered the verdict in *Foggia* to be the "inverse" of the verdict in *Cowan*:

> The court in *Cowan* . . . opined that it was illogical for a jury to "award past and future medical expense incurred to relieve headache, neck and back pain and then allow nothing for such physical pain and suffering." Such a breach of logic does not exist in the instant case. Here the jury awarded Foggia damages for past pain and suffering, but nothing for past medical expenses. Based on the evidence and testimony presented at trial, it is plausible that the jury found none of his medical expenses were caused by the fall at issue. The jury in this case found that the plaintiff's claimed medical expenses, loss of function, and much of his pain and suffering were not the result of this fall. Because these are the precise types of findings within the province of the jury and they are supported by substantial evidence in the record, we will not disturb them by granting the plaintiff a new trial.

*Id.* (quoting *Cowan*, 461 N.W.2d at 160). *Cowan* is the applicable precedent here, and its application requires a new trial in this case.

The jury was instructed to award only damages caused by Parr's negligence.[7] Bryant's submitted medical expenses of over $30,000, which according to his testimony, were incurred to treat his complaints of pain from the accident caused by Parr's negligent driving. Like the defendant in *Cowan*, Parr vigorously contested the extent of Bryant's injuries and impeached him with his own inconsistent statements. The jury could have found Bryant suffered only minimal injuries in the accident and greatly exaggerated his complaints of pain. The evidence supported a finding that the ongoing chiropractic treatment, and much of his other medical care, was for preexisting conditions or unrelated to the accident.[8] Yet, the jury found Parr's negligence caused Bryant to incur $16,937 in medical expenses.[9] These damages were necessarily for many months of treatment of his accident-related injuries, specifically, pain. Moreover, the jury awarded Bryant $1574 for three weeks of lost earnings, again necessarily finding that accident-related pain caused him to miss work. These findings cannot be reconciled with the award of only

---

[7]Instruction No. 12 stated in part, "The conduct of a party is a cause of injury when the injury would not have happened except for the conduct." Instruction No. 26 stated in part, "The amount you assess for any item of damage must not exceed the amount caused by a party as proved by the evidence."

[8]Instruction No. 29 allowed recovery for the *aggravation* of preexisting medical conditions but provided Bryant "is not entitled to recover for any physical ailment or disability which existed before this incident or for any injuries or damages which he now has which were not caused by either defendant's actions."

[9]Instruction No. 26 stated in part, "Do not allow amounts awarded under one item of damage to be included in any amount awarded under another item of damage." Given the separate instructions for medical expenses and pain and suffering, we cannot presume the jury intended its award of medical expenses to compensate Bryant for his pain. To the contrary, the jury had been informed that Bryant's insurer would be reimbursed for any award of medical expenses up to $20,039. *See* Iowa Code § 668.14(2) (allowing evidence and argument as to insurance subrogation rights).

one dollar for pain and suffering. *See Cowan*, 461 N.W.2d at 158–60. If the jury believed Bryant's pain was nonexistent or unrelated to the accident, it should not have awarded that amount of medical expenses or lost earnings. We cannot speculate as to the jury's intent to affirm a judgment based on inconsistent answers. *Clinton Physical Therapy*, 714 N.W.2d at 614.

Because we are reversing on the inconsistency ground, we do not reach Bryant's alternative argument that the amount of the verdict was inadequate.[10]

**C. Scope of New Trial.** The parties disagree on the scope of a new trial. Neither Bryant nor Parr argue liability should be retried. Bryant seeks a new trial on all elements of damages, while Parr argues the new trial on damages "should be limited to the verdict line-item of any damage finding this Court deems must be retried." Parr notes that "Bryant has not challenged the jury's verdict as to past medical expenses, lost wages, or any future damages" and argues Bryant should not get "a second bite at the apple as to damages which he did not complain of on appeal, and which do not [affect] the re-trial of any damages . . . reversed on appeal." We must determine the scope of the new trial.

---

[10]In *Fisher v. Davis*, we noted some of our cases addressing challenges to verdicts that awarded medical expenses but no amount for pain and suffering held a new trial was required because "the verdict was 'inconsistent with the evidence.'" 601 N.W.2d 54, 59 (Iowa 1999) (quoting *Shewry v. Heuer*, 255 Iowa 147, 153, 121 N.W.2d 529, 533 (1963)). We stated, "In the future, a party seeking a new trial on the ground that the verdict was inadequate should use the grounds in rule 244 [now Iowa R. Civ. P. 1.1004 governing motions for new trial] *rather than the common law inconsistency rule.*" *Id.* (emphasis added). In *Clinton Physical Therapy*, however, we clarified that parties may challenge such verdicts as "internally inconsistent" under our rules governing jury verdicts and special interrogatories. 714 N.W.2d at 611–14. We reverse the district court judgment on that basis here.

"The general rule is that when a new trial is granted, all issues must be retried." *McElroy v. State*, 703 N.W.2d 385, 389 (Iowa 2005). We may narrow the scope of the retrial under some circumstances:

> [a]s a condition to the granting of a partial new trial, it should appear that the issue to be tried is distinct and separable from the other issues, and that the new trial can be had without danger of complications with other matters.

*Id.* (quoting *Larimer v. Platte*, 243 Iowa 1167, 1176, 53 N.W.2d 262, 267–68 (1952)). In applying these principles to personal injury cases, we have said, "If there is no evidence in the record that the jury's determination of fault was compromised or affected by the evidence of damages, the issue of liability should not be resubmitted on remand." *Thompson v. Allen*, 503 N.W.2d 400, 401 (Iowa 1993) (citing cases). We have repeatedly limited the retrial to the issue of damages when the jury awarded past medical expenses but zero for pain and suffering. *See, e.g., Thompson*, 503 N.W.2d at 401–02; *Cowan*, 461 N.W.2d at 160; *Witte v. Vogt*, 443 N.W.2d 715, 717 (Iowa 1989). Generally, "it [is] unfair to require a new trial on all issues 'when the verdict establishing liability was not the result of a compromise trading off liability for reduced damages.' " *Thompson*, 503 N.W.2d at 402 (quoting *Vorthman v. Keith E. Myers Enters.*, 296 N.W.2d 772, 778 (Iowa 1980)).

The jury found Parr ninety-five percent at fault for turning left into the path of Rimrodt's car and found Bryant, Parr's passenger, five percent at fault for telling her to turn left or distracting her. The jury found Rimrodt faultless. No party contends the liability findings are tainted by the jury's determination of damages or that the jury compromised on liability. Accordingly, we conclude the new trial shall be on the issue of damages, with the total award to be reduced by Bryant's five percent fault.

In *Brant v. Bockholt,* we addressed the scope of a new trial on damages. 532 N.W.2d 801, 805 (Iowa 1995). Jonas Brant, a high school senior, was a passenger in a car accident who suffered severe facial lacerations when he hit the windshield. *Id.* at 802. The accident left him with permanent scarring. *Id.* at 803. The jury returned a verdict in his favor and awarded past and future medical expenses and past and future pain and suffering but "nothing for past or future loss of function of the body or for future loss of earnings." *Id.* He appealed, and we held a new trial was required because "the jury should not have been instructed to reduce the award for future pain and suffering to present worth." *Id.* We determined that liability need not be retried but ordered a retrial on *all* elements of damage because "[j]ury determinations of various elements of damages are apt to be influenced by the recovery allowed for other elements of damage." *Id.* at 805.

In *Fisher v. Davis,* however, we distinguished *Brant* as "pertaining to *one* injury. That led us to conclude that the jury should consider anew *all* the elements of damages pertaining to that injury." 601 N.W.2d 54, 60 (Iowa 1999) (citation omitted). Darcy Fisher's car was rear ended, and she initially complained of neck pain and saw her physician the next day. *Id.* at 55. He "diagnosed Fisher's condition as 'an injury to the cervical and thoracic area of the spine,' commonly referred to as a whiplash injury." *Id.* He noted that condition had "markedly improved" eight days after the accident. *Id.* at 56. Three weeks after the accident, Fisher complained for the first time of right arm and elbow pain, which the same physician "diagnosed her condition as epicondylitis, commonly referred to as 'tennis elbow.'" *Id.* She later had surgery on her elbow and physical therapy. *Id.* A year after her car accident, Fisher complained for the first time of right shoulder pain, which was later

treated surgically. *Id.* Fisher sued the other driver, claiming her neck, elbow, and shoulder injuries all resulted from the rear-end collision. *Id.* Causation of the injuries was the fighting issue at trial. *Id.* The district court submitted her claims for all three injuries to the jury, which returned a verdict for $534 in past medical expenses, the amount incurred for treatment of her neck pain alone. *Id.* at 56–57. The jury awarded nothing for past or future pain and suffering or any other elements of damage. *Id.* at 57. We concluded the damage award was inadequate because "it was illogical for the jury to award Fisher medical expenses to treat her neck injury and pain and then allow nothing for her pain and suffering." *Id.* at 59. But we determined that the jury, by awarding the "precise medical expenses relating to Fisher's neck injury," found that injury alone was sustained in the collision. *Id.* at 60 ("[I]nherent in that award was also a clear rejection of Fisher's claim that her elbow and shoulder were also injured in the collision."). Accordingly, we held that "any retrial should be limited to damages relating to Fisher's neck injury." *Id.*

Bryant likewise claimed he sustained multiple injuries in the accident resulting in neck pain, headaches, blurred vision, and low back pain that manifested at different times. But unlike *Fisher*, the amount of Bryant's medical expenses awarded cannot be attributed to treatment of one type of injury to the exclusion of others. Accordingly, we decline Parr's invitation to limit the retrial to some elements of past damages but not others. This leaves Parr's argument that because the jury declined to award Bryant *any* future damages, the retrial should be limited to past damages, presumably up to the date of the first trial. Parr, without citing supporting authority, contends Bryant waived his right to a retrial on future damages by not challenging the jury's failure to award him any

amount for future damages. Bryant responds that he sought a new trial on all elements of damages based on *Brant.* We conclude Bryant's motion for new trial preserved error on his claim that the new trial should be on all elements of damage, past and future.

Since *Fisher,* we have not adjudicated the scope of a new trial in a personal injury action when the first jury had awarded no future damages and the inconsistency in its verdict involved only past medical expenses and past pain and suffering. None of our cases before *Fisher* limited the scope of a new trial on damages to preclude submission of an element of damage rejected by the first jury. We see no indication that the jury's rejection of Bryant's claims for future damages resulted from a compromise trading off amounts awarded for past damages. Nevertheless, we face the confirmed inconsistency in the verdict on past damages, our admonition in *Brant* that the award for one element of damages may affect another, and our general reluctance to engage in speculation to uphold findings in an inconsistent verdict. *Cf. Clinton Physical Therapy,* 714 N.W.2d at 614 (declining to engage in speculation to reform inconsistent verdict). Moreover, Bryant may have new evidence, including medical expenses incurred since the first trial over two years ago, which would be unfair to exclude from a retrial. *Cf. McElroy,* 703 N.W.2d at 389 (cautioning against narrowing scope of retrial in a manner that complicates other matters).

We hold Bryant is entitled to a new trial on all elements of damage supported by substantial evidence, notwithstanding the first jury's rejection of his future damage claims in July 2013.

**IV. Disposition.**

For the foregoing reasons, we vacate the decision of the court of appeals, reverse the district court judgment, and remand the case for a new trial on damages.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED FOR A NEW TRIAL ON DAMAGES.**

All justices concur except Mansfield, J., and Cady, C.J., who concur in part and dissent in part.

**MANSFIELD, Justice (concurring in part and dissenting in part).**

I agree that a new trial is required because the special verdict awarding $16,937.53 for past medical expenses is inconsistent with the special verdict awarding only a nominal one dollar for past pain and suffering. However, there is no reason for the new trial to encompass *all* damages. Everyone received a fair trial below, and the jury clearly rejected Bryant's claims for ongoing or future harm. That is, the jury awarded Bryant nothing for future medical expenses, future pain and suffering, loss of future earning capacity, or future loss of full mind and body. Just as it is unnecessary for liability to be retried, an area where *Bryant* obtained a favorable verdict, by the same rationale it is unnecessary for future damages to be retried, where *Parr* prevailed.

The stated reason for not limiting a new trial to certain categories of damages is the concern that "[j]ury determinations of various elements of damages are apt to be influenced by the recovery allowed for other elements of damage." *Brant v. Bockholt*, 532 N.W.2d 801, 805 (Iowa 1995). But that concern about cross-contamination is absent here, as the majority concedes. For past medical expenses, the jury awarded essentially the amount that Parr's counsel *conceded* was due to Bryant— assuming the jury found liability—and less than the amount that insurance had paid on behalf of Bryant. It is simply inconceivable that this jury concluded Bryant had suffered some future harm but decided not to award any damages for it because of some other damages he was getting.

Moreover, in *Fisher v. Davis*, 601 N.W.2d 54, 61 (Iowa 1999), we qualified *Brant* somewhat and indicated there is no need to retry "rejected claims [that] are irrelevant to the elements of damages

pertaining to the injury the jury did believe [the plaintiff] sustained." Retrial here could be easily and economically limited to Bryant's alleged past damages.

The majority says that Bryant may have "medical expenses incurred since the first trial . . . which would be unfair to exclude from a retrial." But this of course begs the question whether there should be a second trial on claims as to which Bryant had a fair trial and which the jury squarely rejected. If a second trial is warranted, parties should be able to update their relevant evidence, but that is not a separate reason for a new trial.

Numerous other jurisdictions have followed the approach for which I am advocating here. *See Rice v. Cmty. Health Ass'n*, 203 F.3d 283, 290 (4th Cir. 2000) (noting that "a new trial can be limited to 'any separable matter' " and ordering a new trial on consequential damages only so as to avoid a "windfall" to the defendant that had not challenged other aspects of the damage award (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2814 (2d ed. (1995))); *Peebles v. Circuit City Stores, Inc.*, No. 01 Civ. 10195(CSH), 2003 WL 22227964, *2 (S.D.N.Y. Sept. 25, 2003) (ordering a new trial only as to future damages rather than all damages and stating that "the greater weight of [New York] authority favors" this position); *Sunahara v. State Farm Mut. Auto. Ins. Co.*, 280 P.3d 649, 658 (Colo. 2012) (limiting a new trial to the issue of past economic damages only); *ITT Hartford Ins. Co. of the Se. v. Owens*, 816 So. 2d 572, 577–78 (Fla. 2002) (noting that "[t]he plaintiff's future medical damages constitute a discrete item of recovery, separate from other damages," and a new trial should be confined to them alone); *Costales v. Rosete*, 331 P.3d 431, 446 (Haw. 2014) ("We therefore further limit the damages issues to be re-tried to those that are contested and

that are 'sufficiently separate' from those damages issues that are not contested on appeal."); *Stamp v. Sylvan*, 906 N.E.2d 1222, 1230–31 (Ill. App. Ct. 2009) (finding a verdict irreconcilably inconsistent where the jury awarded damages for past medical expenses but not pain and suffering while upholding the trial court's decision to limit the new damages trial to pain and suffering and loss of a normal life for the six-month period as to which the jury awarded medical expenses); *Masterson v. Siemens Indus., Inc.*, Nos. 2013-CA-000014-MR and 2013-CA-000050-MR, 2014 WL 5489304, at *3 (Ky. Ct. App. Oct. 31, 2014) (upholding the trial court's decision to limit the new trial to the sole issue of pain and suffering damages for a discrete time period and leaving the jury verdict undisturbed with regard to all other issues); *Lindquist v. Scott Radiological Grp. Inc.*, 168 S.W.3d 635, 651 (Mo. Ct. App. 2005) (affirming the grant of a new trial limited to the issue of past economic damages); *Richards v. Fairfield*, 6 N.Y.S. 3d 743, 745–46 (App. Div. 2015) (ordering a new trial limited to consideration of damages for future pain and suffering while upholding damages awarded for past pain and suffering); *Foust v. Smith*, No. 26275, 2015 WL 968856, at *4 (Ohio Ct. App. Mar. 6, 2015) (finding that the trial court "acted reasonably by finding that the failure to award [plaintiff] some amount for pain and suffering is contrary to the weight of the evidence" and that the "court did not err by granting a new trial on that singular issue limited to past physical pain and suffering damages"); *Orris v. Brand*, No. 98-1361, 1999 WL 516724, at *1 (Wis. Ct. App. July 22, 1999) (per curiam) (affirming the grant of a new trial limited solely to consideration of damages for pain and suffering and noting that "[a] jury's decision on pain and suffering damages would not necessarily be affected by its decisions on other components of damages").

One last point: It should be emphasized that the majority's principle works in both directions. Suppose the jury felt that Bryant had been seriously and permanently injured in the accident and awarded him everything his attorney had asked for in closing argument, except for past pain and suffering damages where it only awarded one dollar. Under the court's decision, as a practical matter, Bryant would be reluctant to appeal this verdict inconsistency, because if he won, he would lose his entire damages award and be stuck with a do-over on all aspects of damages. By the same token, Parr could use an appeal on this specific inconsistency as a method to overturn the entire damages award. Is that fair?

For the foregoing reasons, I respectfully dissent in part.

Cady, C.J., joins this concurrence in part and dissent in part.