**IN THE COURT OF APPEALS OF IOWA**

No. 24-0851
Filed May 7, 2025

**DOUGLAS K. DALLY,**
    Plaintiff-Appellant,

**vs.**

**RANDY R. DEMRO,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Douglas Dally appeals the judgment entered on his negligence claim against Randy Demro. **AFFIRMED.**

Thomas C. Verhulst of Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., Waterloo, for appellant.

Karla J. Shea of Swisher & Cohrt, P.L.C., Waterloo, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Douglas Dally appeals the judgment entered on his negligence claim against Randy Demro. He challenges the admissibility of his mental health records and contends the jury's damage calculation is inconsistent and inadequate. Finding no error, we affirm.

**I. Background Facts and Proceedings.**

Dally sued Demro, claiming he was at fault for a motor vehicle collision that occurred in October 2020 at a four-way stop in Evansdale. Besides damaging his vehicle, Dally alleged he suffered medical expenses, pain and suffering, and loss of use of mind and body. In his answer, Demro alleged that Dally was wholly or partly at fault for the collision.

The matter proceeded to a jury trial. Dally and Demro, the only witnesses to the collision, provided different accounts of how it occurred. Dally's chiropractor, who treated him before and after the collision, also testified about the treatment he provided. After deliberating, the jury returned a verdict finding both Dally and Demro at fault for the collision and assigning each 50% fault for Dally's damages. It also found that Dally sustained $50 in past medical expenses and $2066.69 in vehicle damages but failed to prove damages for past or future pain and suffering or loss of use of body. The district court entered judgment for Dally in the amount of $1058.34, one-half of his total damages.

**II. Admissibility of Dally's Mental Health Records.**

Dally contends the district court erred by admitting his mental health records into evidence at trial because the probative value was substantially outweighed by the danger of unfair prejudice. We generally review rulings on the admissibility of

evidence for abuse of discretion. *Fagen v. Grand View Univ.*, 861 N.W.2d 825, 829 (Iowa 2015). To the extent that the issues on appeal involve statutory interpretation, our review is for corrections of errors at law. *Id.*

A plaintiff in a civil action waives privilege to any medical records containing information that factors into a claim or defense in the action. Iowa Code § 622.10(2), (3) (2020); *Fagen*, 861 N.W.2d at 832. In those cases, the medical records may be admitted at trial "only as it relates to the condition alleged." Iowa Code § 622.10(2).

Dally moved in limine to prevent his medical records from being introduced into evidence at trial by arguing that they included irrelevant information related to his mental health diagnosis and dating history. The court found that to the extent that those matters were discussed in Dally's medical records, they were relevant to Dally's state of mind and his claim for physical and mental pain and suffering. Although the court denied the motion, it allowed Dally to raise more specific objections as the issues arose at trial. Dally again objected to the admission of the records on the same general grounds raised in the motion in limine, which the court denied.[1]

The district court did not abuse its discretion by admitting Dally's medical records into evidence. The medical records contain statements Dally made to his therapist about the impact his preexisting mental health conditions had on his energy and productivity. The district court correctly determined that those statements were relevant to Dally's claim of damages for pain and suffering and

---

[1] To the extent that Dally raised specific objections to portions of the medical records at trial, Demro agreed to redaction or Dally withdrew his objection.

loss of use of body. *Cf. Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 158 (Iowa 2004) (holding that evidence of other medical conditions that have and will impact the plaintiff's physical and mental well-being and ability to enjoy life are clearly relevant to the plaintiff's claim for damages for loss of use of body and for pain and suffering). Dally fails to show he was unfairly prejudiced by the trial court admitting those medical records. *See id.* at 158–59 (noting that unfair prejudice occurs when a jury reaches a verdict on an improper basis, not when the probative value of relevant evidence is damaging). Because the evidence was relevant and its probative value was not outweighed by the danger of unfair prejudice, the evidence was admissible. Iowa Rs. Evid. 5.402, .403.

**III. Inconsistent Verdicts.**

Dally also contends the jury rendered inconsistent verdicts because it awarded damages for past medical expenses but not for past pain and suffering. The district court denied Dally's motion for new trial on this ground, concluding that the jury's award of $50 for past medical expenses was not for treatment of an injury but assessment by an emergency medical technician just after the collision. We review the denial of Dally's motion for new trial based on an allegation of inconsistent verdicts for correction of errors at law. *See Westco Agronomy Co. v. Wollesen*, 909 N.W.2d 212, 219 (Iowa 2017).

In determining whether the jury's verdicts are inconsistent, we must consider how the jury could have viewed the evidence and how that view fits the instructions given to the jury in the case. *Id.* at 224–25. A verdict is consistent if we can harmonize the verdict with the instructions, evidence, and inferences drawn from it. *Id.* at 224. A verdict is inconsistent if the jury's findings compel different

judgments, and the court should not enter judgment. *Bryant v. Parr*, 872 N.W.2d 366, 376 (Iowa 2015). We construe the verdict liberally to give effect to the jury's intention and harmonize verdicts. *Id.* at 375.

Generally, the award of damage for past and future medical expenses should bear some relationship to the amount of damages awarded for pain and suffering. *See id.* at 379 ("Having determined that these medical expenses were recoverable, there seems no way for the jury to disallow recovery for the appellant's pain and suffering for the same injuries." (citation omitted)). A verdict awarding a large amount of medical expenses conflicts with a nominal award for pain and suffering. *Id.* (acknowledging that though a jury could find the plaintiff's pain was nonexistent or unrelated to the defendant's negligence, an award of $1 in damages for pain and suffering was inconsistent with an award of over $15,000 of medical expenses). *Id.* But a small award of damages for pain and suffering tracks with awarding no medical expenses. *Id.* at 378–79 (citing *Foggia v. Des Moines Bowl–O–Mat, Inc.*, 543 N.W.2d 889, 891–92 (Iowa 1996)).

There is no inconsistency in the jury's damage award. The jury found that the parties' negligence caused Dally to incur $50 in medical expenses but caused no pain and suffering or loss of use of mind or body. We agree with the district court's determination that the jury could find Dally incurred a small medical bill when emergency responders assessed him for injuries at the scene of the accident. By awarding no damages for pain and suffering, it is clear the jury found that Dally was not injured in the collision. Because these findings can be reconciled, we affirm the order denying Dally's motion for new trial.

**AFFIRMED.**